UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ROOFERS LOCAL NO.149 PENSION FUND, *on behalf* :
*of itself and all others similarly situated*, :
:
: 23 Civ. 2138 (JPC)
Plaintiff, :
:
-v- : ORDER
:
AMGEN INC. *et al.*, :
:
Defendants. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Complaint in this proposed class action, initially filed March 13, 2023, *see* Dkt. 1, alleges that Defendants, Amgen Inc. ("Amgen") and two of its senior executives, defrauded members of the public who purchased Amgen common stock, *id.* ¶¶ 56-61. On the same date, the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), which serves as counsel to both Named Plaintiff Roofers Local No. 149 Pension Fund and Lead Plaintiff Movant Asbestos Workers Philadelphia Pension Fund (the "Asbestos Fund"), two purported members of the proposed class seeking compensation in this action, issued a press release through the newswire service Business Wire announcing that the action had been filed and describing the allegations made therein. Dkt. 22-1. As explained in the press release, *see id.*, any member of the proposed class could move the Court for appointment as Lead Plaintiff at any point through the first business day at least sixty days from the publication of the press release—in this case, by May 12, 2023. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Two such motions were filed by that date. The former sought the appointment of the Plumbers and Steamfitters Local 60 Pension Trust ("Local 60") as Lead Plaintiff and the appointment of its counsel, Labaton Sucharow LLP, as Lead Counsel. Dkts. 16-19. The latter sought the appointment of the Asbestos Fund as Lead Plaintiff and of Robbins Geller as Lead

Counsel. Dkts. 20-23. Subsequently, upon reviewing the competing motion filed by the Asbestos Fund, Local 60 withdrew its motion, Dkt. 25, leaving the Asbestos Fund's motion unopposed, Dkt. 26. For the reasons that follow, the Court grants the Asbestos Fund's unopposed motion.

In a class action arising under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a-78qq, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," whom the law refers to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). That provision further sets forth the procedures that a court must employ in order to identify the most adequate plaintiff. In particular, the court must "adopt a presumption that the most adequate plaintiff" is the "person or group of persons" who satisfy three conditions. *Id.* § 78u-4(a)(3)(B)(iii)(I). First, the most adequate plaintiff must have either filed the complaint or moved for appointment as Lead Plaintiff. *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa). Second, the most adequate plaintiff must, in the determination of the court, have the largest financial interest in the relief sought by the class. *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb). Third, the most adequate plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* § 78u-4(a)(3)(B)(iii)(I)(cc).

The Asbestos Fund satisfies these conditions. First, it has filed a timely motion for appointment as Lead Plaintiff. *See* Dkt. 16. Second, in the Court's determination, the Asbestos Fund is the person or group of persons with the largest financial interest in the relief sought by the class. Following the withdrawal of Local 60's competing motion, Dkt. 25, the Asbestos Fund is the *only* person or group of persons that has moved for appointment as Lead Plaintiff, and thus there could not be any other person or group of persons with a larger financial interest. *See* Newberg and Rubenstein on Class Actions § 22:41 ("In the single applicant situation, that applicant obviously has the largest financial interests among the applicants, as it is the only applicant."). Furthermore,

even had Local 60 not withdrawn its motion, the financial interest it claims of $54,806, Dkt. 17 at 5, is plainly less than the financial interest of $108,400 claimed by the Asbestos Fund, Dkt. 21 at 4, which is also reflected by Local 60's concession that it "does not appear to have the largest financial interest," Dkt. 25 at 2.  Finally, the Asbestos Fund satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.

Among other requirements, Rule 23 imposes two that a representative party must meet in order to sue on behalf of a class:  the representative party's claims and defenses must be "typical of the claims or defenses of the class," and that party must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).  The typicality requirement is satisfied when the representative party's claims "arise from the same course of events" as those of the rest of the class, and when that party "makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  The Asbestos Fund's claims do not differ in any material respect from those of any other putative member of the proposed class: like them, it alleges that it purchased Amgen common stock at a price inflated by Defendants' fraudulent misrepresentations, and it alleges that it suffered injury when the value of that stock declined, allegedly because the market became aware of the accurate information about Amgen that Defendants allegedly concealed.  *Compare* Complaint ¶¶ 13-22 (describing Defendants' alleged misrepresentations and the losses they allegedly caused to investors in Amgen common stock) *with* Dkt. 22-3 (computing the losses the Asbestos Fund suffered on its investment in Amgen common stock following the alleged disclosure of Defendants' misrepresentations).  And the adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Each of these three requirements are met.  The Court is aware of no condition that would give rise to a conflict between the Asbestos Fund's interests and the interests of other class members:  all seek to maximize the compensation paid to owners of Amgen common stock for the losses they allegedly suffered as a result of Defendants' misrepresentations concerning Amgen's business and financial prospects.  Furthermore, the Asbestos Fund's alleged losses of over $100,000, *see* Dkt. 22-3, constitute a sufficient interest in the outcome of this case to secure its vigorous advocacy on behalf of the class.  Finally, Robbins Geller is an experienced plaintiffs' firm with an active securities practice.  *See generally* Dkt. 29-1.

Thus, the Asbestos Fund satisfies the various requirements that it must meet to benefit from the statutory presumption that it is the most adequate plaintiff:  it has timely moved to be appointed Lead Plaintiff, it has the largest financial interest known to the Court in the relief sought by the class, and it both advances claims typical of the class and can be expected to fairly and adequately protect the interests of the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  That presumption, to be sure, is rebuttable rather than conclusive.  But it may be rebutted "only upon proof by a member of the purported plaintiff class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).  And since no plaintiff (nor any other party) has offered any proof to rebut the presumption that the Asbestos Fund is the most adequate plaintiff, the presumption has not been rebutted.  Consequently, the Court finds that the Asbestos Fund is the most adequate plaintiff and therefore appoints it Lead Plaintiff, as required by law.  *See id.* § 78u-4(a)(3)(B)(i).

Having been appointed Lead Plaintiff, the Asbestos Fund is vested with the authority to select Lead Counsel for the class:  "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  *Id.* § 78u-4(a)(3)(B)(v).  As courts in this District have held, though this provision does envision some role for the court in supervising the selection of Lead Counsel, it "evidences a strong presumption in favor of approving a properly-

selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013). For that reason, courts routinely grant their approval when a Lead Plaintiff selects as Lead Counsel a law firm experienced in the type of class actions for which it has been retained. *See, e.g.*, *Denny v. Canaan, Inc.*, No. 21 Civ. 3299 (JPC), 2021 WL 5847647, at *5 (S.D.N.Y. Dec. 9, 2021). The Court has reviewed Robbins Geller's firm resume, which sets forth its extensive experience representing plaintiffs in securities class actions and profiles the partners and other attorneys who have led those representations. *See generally* Dkt. 29-1. Consequently, the Court grants approval for the Asbestos Fund's choice of Lead Counsel.

The Court therefore appoints the Asbestos Fund as Lead Plaintiff and Robbins Geller as Lead Counsel in this case. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 16 and 20. By July 21, 2023, Lead Plaintiff and Defendants shall jointly propose a schedule for Lead Plaintiff to amend the Complaint, if it so wishes, and for Defendants to answer or otherwise respond to whichever pleading is then operative.

SO ORDERED.

Dated: July 7, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge