SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212-735-2628
DIRECT FAX
917-777-2628
EMAIL ADDRESS
JAY.KASNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

April 15, 2024

**BY E-MAIL and ECF**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

RE:    *Roofers Local No. 149 Pension Fund v. Amgen Inc., et al.*, No. 1:23-cv-02138 (JPC)

Dear Judge Cronan:

We represent defendants Amgen Inc., Robert A. Bradway and Peter H. Griffith (collectively "Defendants") in the above-captioned action. We write to advise the Court of the United States Supreme Court's unanimous decision issued on Friday in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, No. 22-1165 (U.S. Apr. 12, 2024). A copy of the decision is enclosed.

In that decision, Justice Sotomayor, writing for the Court, concluded that "[p]ure omissions are not actionable under Rule 10b–5(b)." *Macquarie*, No. 22-1165, slip op. at 8. Instead, "the failure to disclose information required by Item 303 can support a Rule 10b–5(b) claim *only if* the omission renders affirmative statements made misleading." *Id.* at 7 (emphasis added).

Plaintiff's Amended Complaint ("AC") asserts direct claims based upon alleged violations of Items 303 and 105 of Regulation S-K. *See* 17 C.F.R. §229.303(b)(2)(ii); 17 C.F.R. § 229.105(a); ECF No. 34, AC ¶¶ 131, 227-235.[1]

---

[1]    The Court's analysis in *Macquarie* regarding Item 303 would also apply to Item 105. (*See* Defs.' Memo. of Law (ECF No. 41), at 14-15 n.14 ("Because courts in the Second Circuit interpret Items 105 and 303 in lockstep, the inability of Item 303 to support a Section 10(b) claim may call into

Hon. John P. Cronan
April 15, 2024
Page 2

Following the Court's decision in *Macquarie*, Plaintiff cannot rely solely on these alleged violations to assert its Section 10(b) claim. Moreover, as explained more fully in Defendants' submission on the Motion to Dismiss (ECF No. 41, at 14-17), the AC fails to allege any materially misleading statements based upon omission of information that Plaintiff contends is called for by Items 303 and 105.

      For these reasons and those previously addressed, Defendants respectfully submit that the AC (ECF No. 34) be dismissed with prejudice.

                                    Respectfully submitted,

                                      */s/* Jay B. Kasner

                                      Jay B. Kasner

cc:    All counsel of record via ECF
       Encl.

---

question the ability of Item 105 to do the same.").) *See also In re Proshares Tr. II Sec. Litig.*, 2020 WL 71007, at *9 (S.D.N.Y. Jan. 3, 2020) ("Events that are not 'reasonably likely to be material under Item 303' are not among the 'most significant factors' rendering an offering speculative or risky under Item 105."), *aff'd*, 839 F. App'x 649 (2d Cir. 2021); *Lian v. Tuya Inc.*, 2024 WL 966263, at *9 (S.D.N.Y. Mar. 5, 2024) (Cronan, J.) (granting motion to dismiss as to Items 303 and 105 claims and explaining plaintiff's pleading failure "proves equally fatal to their Item 105 theory as it does to the Item 303 theory").