UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

              :

IN RE AMGEN INC. SECURITIES       :    1:23-cv-02138 (JPC)
LITIGATION                   :

              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT</u>

Jay B. Kasner
Tansy Woan
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

Peter Morrison
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, CA 90067
(213) 687-5000

*Attorneys for Defendants Amgen Inc., Robert*
*  A. Bradway and Peter H. Griffith*

## **PRELIMINARY STATEMENT**

Defendants Amgen Inc. ("Amgen" or the "Company"), Robert A. Bradway, and Peter H. Griffith (collectively, "Defendants"), by and through their attorneys, answer The Amended Complaint for Violations of The Federal Securities Laws filed on August 31, 2023 (ECF No. 34) ("Amended Complaint") by Lead Plaintiff Asbestos Workers Philadelphia Pension Fund ("Plaintiff").

This action arises from Defendants' public disclosures of Amgen's bona fide dispute with the United States Internal Revenue Service ("IRS") over Amgen's transfer pricing analysis for its tax years 2010 to 2015. Amgen, one of the world's leading biotechnology companies focused on developing medicine for serious illnesses, operates in approximately 100 countries worldwide. Like other multinational companies with global operations, Amgen must pay different income taxes for each jurisdiction in which it operates, requiring it to allocate profits among its subsidiaries in different jurisdictions based on considerations such as the value and risks associated with each entity. As explained by Ernst & Young LLP ("E&Y") in Amgen's annual reports, this practice, known as "transfer pricing," requires exercising significant judgment and navigating various interpretations of complex tax laws and regulations in different jurisdictions. The determination of transfer prices is required by tax authorities to allocate taxable income among countries and to ensure appropriate taxation.  Accordingly, multinational companies use intercompany transfer pricing to price transactions among related companies operating in multiple countries.

As Amgen disclosed to investors, its "tax returns are routinely examined by tax authorities in the United States and other jurisdictions." (Amgen Form 10-K for the fiscal year ended December 31, 2019, at 33.) For example, the IRS audited Amgen's transfer pricing methods three times prior to the 2010-2012 audit. (Amgen April 27, 2022 Press Release, at 7-8.) Amgen's methods were documented pursuant to tax regulations and thoroughly discussed with the IRS

during each of these prior audits. The IRS made adjustments that did not materially impact Amgen's reserves and never proposed any penalties. Following these prior audits, Amgen continued to apply its same transfer pricing methods for tax years 2010-2012 and 2013-2015. (Amgen April 27, 2022 Press Release, at 8.) Nonetheless, Amgen warned investors that "[t]ax authorities, including the Internal Revenue Service (IRS), are becoming more aggressive in their audits and are particularly focused on the allocations of income and expense among tax jurisdictions." (*E.g.*, Amgen Form 10-K for the fiscal year ended December 31, 2019, at 33.)

Disregarding the complexity of transfer pricing, and that the IRS' proposed adjustments to Amgen's transfer pricing tax liabilities for tax years 2010-2015 have not even been adjudicated, the Amended Complaint seizes on potential and unadjudicated tax adjustments the IRS had proposed to Amgen's transfer pricing for tax years 2010-2015 during the audit and claims that Amgen had an obligation to disclose the non-final amounts of those proposed adjustments at a time when the audit process was not complete, the preliminary amounts could change, and Amgen was vigorously disputing the IRS's proposed adjustments, including both its calculations and newly-minted and unsupported approach to Amgen's transfer pricing analysis. Indeed, Amgen continues to firmly dispute the proposed adjustments, which are now being contested before the U.S. Tax Court in a trial that commenced in early November 2024. No decision has been issued, and there is no current basis to find that Amgen's tax reporting was incorrect.

Notably, this putative securities fraud class action does not concern the validity of any of Amgen's transfer pricing decisions—which the Company maintains are accurate and is currently defending before the U.S. Tax Court. Nor does it challenge the adequacy of Amgen's reserves for its dispute with the IRS. Instead, this action focuses on Defendants' purported failure to disclose, before the audit process was complete and long before Amgen had its day in tax court, the IRS'

proposed adjustments even though Amgen (1) contended the adjustments were wrong and contested the proposed adjustments, (2) disclosed the amounts upon the completion of the audit process, (3) complied with the applicable disclosure requirements under GAAP as reviewed by its auditor E&Y, and (4) repeatedly disclosed information about the IRS dispute to investors along the way, including that any adverse result in tax court could have a "material" adverse effect on Amgen's financial results. (*See* Defs.'Memo. of Law (ECF No. 41), at 11-19.) Worse, the Amended Complaint claims Amgen should have prematurely disclosed the IRS's proposed adjustments even though multiple tax court decisions have rejected the positions that the IRS has taken during transfer pricing disputes. *See, e.g.*, *Veritas Software Corp. v. Comm'r*, 133 T.C. 297, 316 (2009); *Amazon.com, Inc. v. Comm'r*, 148 T.C. 108, 150 (2017), *aff'd*, 934 F.3d 976 (9th Cir. 2019).

In responding to the allegations in the Amended Complaint, Defendants: (1) incorporate into each response a denial of all allegations in the Amended Complaint (including those outside of the knowledge or information of Defendants) to the extent they assert or suggest that any materials Amgen filed with the United States Securities and Exchange Commission (the "SEC") were false or misleading in any respect, and any factual allegations that are inconsistent with or contrary to any SEC filings; (2) deny any allegations unless specifically admitted; (3) deny any averments in the headings and subheadings of the Amended Complaint; and (4) deny that any bolding or emphasis appeared in any of Amgen's filings with the SEC.

Further, the Amended Complaint contains excerpts from and references to documents and third-party publications, which have often been modified and taken out of context. Such documents and third-party publications should be reviewed in their entirety and in context, and Defendants respectfully refer the Court to the respective documents for their complete and accurate contents.

Finally, insofar as Plaintiff's allegations relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further respond to the specific allegations in the Amended Complaint as follows:

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 1, except admit that this is a purported class action on behalf of all persons, other than Defendants, who purchased or otherwise acquired Amgen common stock during the putative Class Period[1] pursuant to Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5].

2. Defendants deny the allegations of Paragraph 2 except admit (1) the allegations contained in the first two sentences of Paragraph 2 and (2) that Amgen[2] performs a substantial amount of its commercial manufacturing activities at its facilities in Puerto Rico.

3. Defendants deny the allegations of Paragraph 3, except admit that Amgen was required to determine a transfer price for its intercompany transactions.

4. Defendants deny the allegations of Paragraph 4, except admit that the IRS examined Amgen's transfer pricing methodologies multiple times for tax years prior to 2010 and audited Amgen for tax years 2010-12 and 2013-15.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them as in the Amended Complaint. (ECF No. 34.)

[2] The Amended Complaint repeatedly attributes to Amgen Inc. activities that may be conducted by Amgen Inc. subsidiaries. For purposes of this Answer, Defendants assume that the Amended Complaint is referring to Amgen Inc. and its subsidiaries.

4

5.       Defendants deny the allegations of Paragraph 5, except admit that the IRS issued NOPAs and RARs to Amgen for tax years 2010-12 and 2013-15.

6.       Defendants deny the allegations of Paragraph 6.

7.       Defendants deny the allegations of Paragraph 7, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $244.08 on August 3, 2021 and $228.31 on August 4, 2021.

8.       Defendants deny the allegations of Paragraph 8, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $248.79 on April 27, 2022 and $238.13 on April 28, 2022, and that the price of Amgen stock was $227.32 on May 2, 2022.

9.       Defendants deny the allegations of Paragraph 9, and respectfully refer the Court to Amgen's public filings for their complete and accurate contents.

10.      Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 10.

11.      Paragraph 11 states a legal conclusion to which no response is required.

12.      Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 12 except admit that Amgen common stock trades on the NASDAQ Stock Market.

13.      Paragraph 13 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and footnote two and therefore deny those allegations.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore deny those allegations.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants admit the allegations of Paragraph 19.

20. Defendants admit the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21. To the extent Paragraph 21 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 21 on that basis.

22. Insofar as the allegations contained in Paragraph 22 relate to scheme liability, Plaintiff's concession during the July 18, 2024 hearing on Defendants' motion to dismiss (ECF No. 61) and the Court's September 30, 2024 Opinion and Order (ECF No. 63) confirmed that Plaintiff is not pursuing any claim for scheme liability and no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23, except admit that Plaintiff purports to bring a class action representing the Class identified in Paragraph 23.

24.     Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 24, except admit that Amgen was listed and traded on NASDAQ during the purported Class Period.

25.     Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 25.

26.     Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 26.

27.     Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 27.

28.     Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 28.

29.     Defendants admit the allegations of Paragraph 29.

30.     Defendants admit the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31, except admit that (1) Amgen performs a substantial amount of its commercial manufacturing activities at its facilities in Puerto Rico, (2) Puerto Rico is the site of the Company's manufacturing complex responsible for the majority of Amgen's global manufacturing, and (3) the Company's Puerto Rico facilities produce biologic medicines.

32. Defendants deny the allegations of Paragraph 32, except admit that Amgen was required to determine a transfer price for its intercompany transactions and that the corporate tax rate in Puerto Rico was lower than in the mainland United States for tax years 2010 through 2015.

33. Defendants deny the allegations of Paragraph 33 and respectfully refer the Court to Section 482 of the Internal Revenue Code and its related regulations for their complete and accurate contents.

34. Defendants deny the allegations of Paragraph 34 and respectfully refer the Court to Section 482 of the Internal Revenue Code and its related regulations for their complete and accurate contents.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36, except admit that Amgen's respective effective tax rate for years 2013-15 was 3.5%, 7.6%, and 13% and respectfully refer the Court to the referenced *Wall Street Journal* article for its complete and accurate contents.

37. Defendants deny the allegations of Paragraph 37, except admit that the referenced *Investopedia* page contains the quoted language, and respectfully refer the Court to the referenced *Investopedia* page for its complete and accurate contents.

38. Defendants deny the allegations of Paragraph 38, except admit that the August 1, 2022 *Wall Street Journal* article contains the quoted language, and respectfully refer the Court to the August 1, 2022 *Wall Street Journal* article for its complete and accurate contents.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, deny those allegations.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, deny those allegations, except admit that the Internal Revenue Manual contains the quoted language, and respectfully refer the Court to the Internal Revenue Manual for its complete and accurate contents.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, deny those allegations and respectfully refer the Court to Forms 5701 and 886-A for their complete and accurate contents.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, deny those allegations.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, deny those allegations and respectfully refer the Court to the Internal Revenue Manual for its complete and accurate contents.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, deny those allegations and respectfully refer the

9

Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, deny those allegations and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and, therefore, deny those allegations, except admit that the Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, deny those allegations, except admit that the

Transfer Pricing Examination Process guidelines contain the quoted language, and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

55.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, deny those allegations and respectfully refer the Court to the Transfer Pricing Examination Process guidelines for their complete and accurate contents.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, therefore, deny those allegations, except admit that a taxpayer may file a petition with the U.S. Tax Court against the Commissioner of Internal Revenue if unagreed adjustments remain once the IRS issues a statutory notice of deficiency to the taxpayer.

57.    Defendants admit the allegations of Paragraph 57.

58.    Defendants deny the allegations of Paragraph 58, except admit that IRS audits spanning tax years 2002-2012 involved the review and analysis of transfer pricing documentation, hundreds of information document requests, multiple tours of the Puerto Rican facilities and dozens of employee interviews.

59.    Defendants admit the allegations of Paragraph 59.

60.    Defendants deny the allegations of Paragraph 60, except admit that the quoted language appeared on Peter Price's LinkedIn profile.

61.    Defendants deny the allegations of Paragraph 61.

12

62. Defendants admit the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65, except admit that Amgen received NOPAs from the IRS for its 2010-12 tax years between January and March 2017 and that the proposed adjustments related primarily to the allocation of profits between certain Amgen subsidiaries operating in the United States and Puerto Rico.

66. Defendants admit the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67, except admit that Amgen received NOPAs from the IRS for its 2013-15 tax years in April 2020 and that the proposed adjustments related primarily to the allocation of profits between certain of Amgen's subsidiaries operating in the United States and Puerto Rico.

68. Defendants deny the allegations of Paragraph 68, except admit that Amgen received an RAR for its 2013-15 tax years in May 2020 and later received a revised RAR in September 2020 that continued to propose substantial adjustments for tax years 2013-15.

69. Paragraph 69 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70. To the extent Paragraph 70 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 70 on that basis.

13

71.     Defendants admit the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72, except admit that (1) Amgen received a Notice of Deficiency from the IRS (dated April 27, 2021) which sought approximately $3.6 billion in back taxes, plus interest, for its 2010-12 tax years in May 2021, (2) the Notice of Deficiency was addressed to Baker & McKenzie LLP, and (3) Amgen received a duplicate Notice of Deficiency for its 2010-12 tax years in July 2021.

73.     Paragraph 73 contains legal conclusions for which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and, therefore, deny those allegations, except admit that "GAAP" refers to principles recognized by the accounting profession as the conventions, rules and procedures necessary to define accepted accounting practice at a particular time and that the SEC has adopted the accounting standards codified by the Financial Accounting Standards Board in its Accounting Standards Codification.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.  To the extent Paragraph 75 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 75 on that basis.

76.     Defendants deny the allegations of Paragraph 76.  To the extent Paragraph 76 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 76 on that basis.

77.     Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 77, except admit that the ASC Topic 450 contains the quoted language, and respectfully refer the Court to ASC Topic 450 for its complete and accurate contents.

78.     Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 78 and respectfully refer the Court to ASC Topic 450 for its complete and accurate contents.

79.     Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 79 and respectfully refer the Court to ASC Topic 450 for its complete and accurate contents.

80.     Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 80, except admit that the ASC Topic 450 contains the quoted language, and respectfully refer the Court to ASC Topic 450 for its complete and accurate contents.

81.     Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 81 and respectfully refer the Court to ASC Topic 450 for its complete and accurate contents.

82.     Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 82, except admit that the ASC Topic 450 contains the quoted language, and respectfully refer the Court to ASC Topic 450 for its complete and accurate contents.

83.     Defendants admit the allegations of Paragraph 83.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and, therefore, deny those allegations and respectfully refer the Court to the Internal Revenue Manual and Form 5701 for their complete and accurate contents.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and, therefore, deny those allegations and respectfully refer the Court to the Internal Revenue Manual and Form 4549 for their complete and accurate contents.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and, therefore, deny those allegations and respectfully refer the Court to the Internal Revenue Manual and Form 886-A for their complete and accurate contents.

87.     Defendants deny the allegations of Paragraph 87 and footnote 3, except admit that the proposed adjustments for tax years 2010-2012 were primarily transfer pricing adjustments.

88.     Defendants admit the allegations of Paragraph 88 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2017 for its complete and accurate contents.

89.     Defendants admit the allegations of Paragraph 89 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2017 for its complete and accurate contents.

90.     Defendants deny the allegations of Paragraph 90 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2017 for its complete and accurate contents. To the extent Paragraph 90 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 90 on that basis.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and, therefore, deny those allegations.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and, therefore, deny those allegations.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and, therefore, deny those allegations.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and, therefore, deny those allegations.

96.     Defendants deny the allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98, except admit that Amgen engaged in discussions with the IRS regarding the proposed adjustments and that the Individual Defendants signed Amgen's SEC filings that contained disclosures about the IRS audit.  To the extent Paragraph 98 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 98 on that basis.

99.     Defendants deny the allegations of Paragraph 99.  To the extent Paragraph 99 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 99 on that basis.

17

100.    Defendants deny the allegations of Paragraph 100.  To the extent Paragraph 100 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 100 on that basis.

101.    Defendants deny the allegations of Paragraph 101, except admit that Amgen filed its Form 10-Q for the second quarter ended June 30, 2020 on July 29, 2020 and that Paragraph 101 quotes portions of Amgen's Form 10-Q for the second quarter ended June 30, 2020 and respectfully refer the Court to Amgen's Form 10-Q for the second quarter ended June 30, 2020 for its complete and accurate contents.

102.    Defendants deny the allegations of Paragraph 102 and footnote 4.  To the extent Paragraph 102 and footnote 4 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 102 and footnote 4 on that basis.

103.    Defendants deny the allegations of Paragraph 103.  To the extent Paragraph 103 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 103 on that basis.

104.    Defendants deny the allegations of Paragraph 104 and incorporate by reference their responses to Paragraphs 91-98.  To the extent Paragraph 104 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 104 on that basis.

105.    Defendants deny the allegations of Paragraph 105, except admit that Amgen filed its Forms 10-Q for the quarters ended September 30, 2020 and March 31, 2021, and the year-end December 31, 2020, with the SEC after filing its Form 10-Q for the second quarter ended June 30, 2020, and respectfully refer the Court to the referenced periodic filings for their complete and

18

accurate contents.   To the extent Paragraph 105 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 105 on that basis.

106.   Defendants deny the allegations of Paragraph 106 and incorporate by reference their responses to Paragraphs 91-98.  To the extent Paragraph 106 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 106 on that basis.

107.   Defendants deny the allegations of Paragraph 107.

108.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and, therefore, deny those allegations, except admit that the Internal Revenue Manual contains the quoted language, and respectfully refer the Court to the Internal Revenue Manual for its complete and accurate contents.

109.   Defendants deny the allegations of Paragraph 109, except admit that Amgen's outside counsel received SNOD 1 on May 1, 2021 and that the IRS purported to increase Amgen's taxable income for tax years 2010-12 to approximately $5.8 billion, $6.0 billion, and $5.6 billion, respectively.

110.   Defendants deny the allegations of Paragraph 110, except admit that on August 3, 2021, Amgen issued a press release and respectfully refer the Court to Amgen's August 3, 2021 press release for its complete and accurate contents.

111.   Defendants deny the allegations of Paragraph 111, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $228.31 on August 4, 2021.

112.    Defendants deny the allegations of Paragraph 112, except admit that Amgen filed with the SEC its Form 10-Q for the quarter ended June 30, 2021 on August 4, 2021, and respectfully refer the Court to Amgen's Form 10-Q for the quarter ended June 30, 2021 for its complete and accurate contents.

113.    Defendants deny the allegations of Paragraph 113.  To the extent Paragraph 113 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 113 on that basis.

114.    Defendants deny the allegations of Paragraph 114, except admit that Amgen's Form 10-Q for the second quarter ended June 30, 2021 contains the quoted language, and respectfully refer the Court to Amgen's Form 10-Q for the second quarter ended June 30, 2021 for its complete and accurate contents.

115.    Defendants deny the allegations of Paragraph 115 and incorporate by reference their responses to Paragraphs 91-98.  To the extent Paragraph 115 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 115 on that basis.

116.    Defendants deny the allegations of Paragraph 116, except admit that Amgen filed with the SEC its periodic filings for the quarter ended September 30, 2021 and the year-end December 31, 2021, and respectfully refer the Court to Amgen's periodic filings for the quarter ended September 30, 2021 and the year-end December 31, 2021 for their complete and accurate contents.

117.     Defendants deny the allegations of Paragraph 117 and incorporate by reference their responses to Paragraphs 91-98.  To the extent Paragraph 117 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 117 on that basis.

118.     Defendants admit the allegations of Paragraph 118 and respectfully refer the Court to Amgen's April 27, 2022 press release for its complete and accurate contents.

119.     Defendants deny the allegations of Paragraph 119, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $238.13 on April 28, 2022.

120.     Defendants deny the allegations of Paragraph 120.  To the extent Paragraph 120 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 120 on that basis.

121.     Defendants deny the allegations of Paragraph 121, except admit that the quoted language is from FASB Concepts Statement No. 2, and respectfully refer the Court to FASB Concepts Statement No. 2 for its complete and accurate contents.

122.     Defendants deny the allegations of Paragraph 122.  To the extent Paragraph 122 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 122 on that basis.

123.     Defendants deny the allegations of Paragraph 123, except admit that the IRS purported to increase Amgen's taxable income for tax years 2010-12 to approximately $5.8 billion, $6.0 billion, and $5.6 billion, respectively.

124.    Defendants deny the allegations of Paragraph 124.

125.    Defendants deny the allegations of Paragraph 125.  To the extent Paragraph 125 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 125 on that basis.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and, therefore, deny those allegations, and respectfully refer the Court to the SEC's Codification of Staff Accounting Bulletins Topic 1M for its complete and accurate contents.

127.    Defendants deny the allegations of Paragraph 127, except admit that the SEC's Codification of Staff Accounting Bulletins Topic 1M contains the quoted language, and respectfully refer the Court to the SEC's Codification of Staff Accounting Bulletins Topic 1M for its complete and accurate contents.

128.    Defendants deny the allegations of Paragraph 128, except admit that the SEC's Codification of Staff Accounting Bulletins Topic 1M contains the quoted language, and respectfully refer the Court to the SEC's Codification of Staff Accounting Bulletins Topic 1M for its complete and accurate contents.

129.    Defendants deny the allegations of Paragraph 129, except admit that the SEC's Codification of Staff Accounting Bulletins Topic 1M contains the quoted language, and respectfully refer the Court to the SEC's Codification of Staff Accounting Bulletins Topic 1M for its complete and accurate contents.

130. Defendants deny the allegations of Paragraph 130. To the extent Paragraph 130 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 130 on that basis.

131. Defendants deny the allegations of Paragraph 131. To the extent Paragraph 131 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 131 on that basis.

132. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 132 and respectfully refer the Court to Items 307 and 308 of Regulation S-K, 17 C.F.R. §229.307 and 17 C.F.R. §229.308, for their complete and accurate contents.

133. Paragraph 133 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 133 and respectfully refer the Court to Item 307 of Regulation S-K, 17 C.F.R. §229.307, for its complete and accurate contents.

134. Defendants deny the allegations of Paragraph 134. To the extent Paragraph 134 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 134 on that basis.

135. Paragraph 135 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 135 and respectfully refer the Court to Item 308 of Regulation S-K, 17 C.F.R. §229.308, for its complete and accurate contents.

136. Defendants deny the allegations of Paragraph 136. To the extent Paragraph 136 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 136 on that basis.

137. Defendants deny the allegations of Paragraph 137 and respectfully refer the Court to Amgen's Forms 10-K for year-end December 31, 2021 and December 31, 2022 for their complete and accurate contents.

138. Defendants deny the allegations of Paragraph 138. To the extent Paragraph 138 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 138 on that basis.

139. Defendants deny the allegations of Paragraph 139.

140. Defendants admit the allegations of Paragraph 140.

141. Defendants admit the allegations of Paragraph 141.

142. Defendants admit the allegations of Paragraph 142.

143. Defendants admit the allegations of Paragraph 143.

144. Defendants admit the allegations of Paragraph 144.

145. Defendants deny the allegations of Paragraph 145 and respectfully refer the Court to Amgen's February 22, 2022 Form 8-K and August 9, 2021 Form 8-K for their complete and accurate contents.

146. Defendants deny the allegations of Paragraph 146.

147.    Defendants deny the allegations of the first two sentences of Paragraph 147, except admit that on July 26, 2021 Amgen filed a petition in the U.S. Tax Court to dispute approximately $3.6 billion in back taxes that the IRS sought from Amgen for its 2010-12 tax years, which attached the Notice of Deficiency for tax years 2010-12. Defendants admit the allegations of the third sentence of Paragraph 147 and respectfully refer the Court to the referenced U.S. Tax Court's guidance for its complete and accurate contents.

148.    Defendants deny the allegations of Paragraph 148, except admit that the quoted language is part of the August 3, 2021 press release, and respectfully refer the Court to the August 3, 2021 press release for its complete and accurate contents.

149.    Defendants deny the allegations of Paragraph 149, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $244.08 on August 3, 2021 and $228.31 on August 4, 2021.

150.    Defendants deny the allegations of Paragraph 150, except admit that the August 4, 2021 Truist Securities analyst report contains the quoted language, and respectfully refer the Court to the August 4, 2021 Truist Securities analyst report for its complete and accurate contents.

151.    Defendants deny the allegations of Paragraph 151, except admit that the August 3, 2021 J.P. Morgan analyst report contains the quoted language,  and respectfully refer the Court to the August 3, 2021 J.P. Morgan analyst report for its complete and accurate contents.

152.    Defendants deny the allegations of Paragraph 152, except admit that Amgen intended to file a petition with the Tax Court with respect to the Notice of Deficiency from the IRS

25

for its 2013-15 tax years, and respectfully refer the Court to Amgen's April 27, 2022 press release for its complete and accurate contents.

153. Defendants deny the allegations of Paragraph 153, except admit that the quoted language is part of the April 27, 2022 press release, and respectfully refer the Court to the April 27, 2022 press release for its complete and accurate contents.

154. Defendants deny the allegations of Paragraph 154 and respectfully refer the Court to the April 27, 2022 press release for its complete and accurate contents.

155. Defendants admit the allegations of Paragraph 155 and respectfully refer the Court to the April 27, 2022 earnings transcript for its complete and accurate contents.

156. Defendants admit the allegations of Paragraph 156 and respectfully refer the Court to the April 27, 2022 earnings transcript for its complete and accurate contents.

157. Defendants deny the allegations of Paragraph 157, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $248.79 on April 27, 2022 and $238.13 on April 28, 2022.

158. Defendants deny the allegations of Paragraph 158.

159. Defendants deny the allegations of Paragraph 159, except admit that the April 27, 2022 Reuters article contains the quoted language, and respectfully refer the Court to the April 27, 2022 Reuters article for its complete and accurate contents.

160. Defendants deny the allegations of Paragraph 160, except admit that the quoted language appears in the April 27, 2022 Pacific Coast Business Times article, and respectfully refer

26

the Court to the April 27, 2022 Pacific Coast Business Times article for its complete and accurate contents.

161. Defendants deny the allegations of Paragraph 161, except admit that the quoted language appears in the April 27, 2022 BMO Capital Markets analyst report, and respectfully refer the Court to the April 27, 2022 BMO Capital Markets analyst report for its complete and accurate contents.

162. Defendants deny the allegations of Paragraph 162, except admit that the quoted language appears in the April 27, 2022 Jefferies analyst report, and respectfully refer the Court to the April 27, 2022 Jefferies analyst report for its complete and accurate contents.

163. Defendants deny the allegations of Paragraph 163, except admit that the quoted language appears in the April 27, 2022 J.P. Morgan analyst report, and respectfully refer the Court to the April 27, 2022 J.P. Morgan analyst report for its complete and accurate contents.

164. Defendants deny the allegations of Paragraph 164, except admit that the quoted language appears in the April 27, 2022 UBS analyst report, and respectfully refer the Court to the April 27, 2022 UBS analyst report for its complete and accurate contents.

165. Defendants deny the allegations of Paragraph 165, except admit that the price of Amgen stock was $227.32 on May 2, 2022.

166. Defendants deny the allegations of Paragraph 166, except admit that the quoted language appears in the April 28, 2022 RBC Capital Markets analyst report, and respectfully refer the Court to the April 28, 2022 RBC Capital Markets analyst report for its complete and accurate contents.

167.    Defendants deny the allegations of Paragraph 167, except admit that the quoted language appears in the April 28, 2022 William Blair analyst report, and respectfully refer the Court to the April 28, 2022 William Blair analyst report for its complete and accurate contents.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 and, therefore, deny those allegations, except admit that the quoted language appears in the May 3, 2022 UBS analyst report, and respectfully refer the Court to the May 3, 2022 UBS analyst report for its complete and accurate contents.

169.    The first sentence of Paragraph 169 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 169. As to the remainder of the allegations in Paragraph 169, Defendants deny the allegations, except admit that Defendant Giffith signed, and the quoted language is part of, Amgen's Form 10-Q for the period ended June 30, 2020 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2020 for its complete and accurate contents.

170.    Defendants deny the allegations of Paragraph 170 and incorporate by reference their responses to Paragraphs 73-136.  To the extent Paragraph 170 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 170 on that basis.

171.    Defendants deny the allegations of Paragraph 171.  To the extent Paragraph 171 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 171 on that basis.

172. Defendants deny the allegations of Paragraph 172. To the extent Paragraph 172 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 172 on that basis.

173. Defendants deny the allegations of Paragraph 173. To the extent Paragraph 173 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 173 on that basis.

174. Insofar as the allegations contained in Paragraph 174 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 174, except admit that the quoted language is part of Amgen's Form 10-Q for the period ended June 30, 2020 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2020 for its complete and accurate contents.

175. Insofar as the allegations contained in Paragraph 175 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 175 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2020 for its complete and accurate contents.

176. Defendants deny the allegations of Paragraph 176 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2020 for its complete and accurate contents. To the extent Paragraph 176 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 176 on that basis.

177.    Defendants deny the allegations of Paragraph 177, except admit that Defendant Giffith signed, and the quoted language is part of, Amgen's Form 10-Q for the period ended September 30, 2020 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2020 for its complete and accurate contents.

178.    Defendants deny the allegations of Paragraph 178 and incorporate by reference their response to Paragraph 170.  To the extent Paragraph 178 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 178 on that basis.

179.    Defendants deny the allegations of Paragraph 179.  To the extent Paragraph 179 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 179 on that basis.

180.    Defendants deny the allegations of Paragraph 180.  To the extent Paragraph 180 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 180 on that basis.

181.    Insofar as the allegations contained in Paragraph 181 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 181, except admit that the quoted language is part of Amgen's Form 10-Q for the period ended September 30, 2020 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2020 for its complete and accurate contents.

182.    Insofar as the allegations contained in Paragraph 182 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is

30

required. To the extent a response is required, Defendants deny the allegations of Paragraph 182 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2020 for its complete and accurate contents.

183.    Defendants deny the allegations of Paragraph 183 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2020 for its complete and accurate contents.    To the extent Paragraph 183 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 183 on that basis.

184.    Defendants deny the allegations of Paragraph 184, except admit that the Individual Defendants signed, and the quoted language is part of, Amgen's Form 10-K for the period ended December 31, 2020 and respectfully refer the Court to Amgen's Form 10-K for the period ended December 31, 2020 for its complete and accurate contents.

185.    Defendants deny the allegations of Paragraph 185 and incorporate by reference their response to Paragraph 170.  To the extent Paragraph 185 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 185 on that basis.

186.    Defendants deny the allegations of Paragraph 186.  To the extent Paragraph 186 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 186 on that basis.

187.    Defendants deny the allegations of Paragraph 187.  To the extent Paragraph 187 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 187 on that basis.

188.    Insofar as the allegations contained in Paragraph 188 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required,  Defendants deny the allegations of Paragraph 188 and respectfully refer the Court to Amgen's Form 10-K for the period ended December 31, 2020 for its complete and accurate contents.

189.    Defendants deny the allegations of Paragraph 189 and respectfully refer the Court to Amgen's Form 10-K for the period ended December 31, 2020 for its complete and accurate contents.  To the extent Paragraph 189 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 189 on that basis.

190.    Defendants deny the allegations of Paragraph 190, except admit that Defendant Giffith signed, and the quoted language is part of, Amgen's Form 10-Q for the period ended March 31, 2021 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2021 for its complete and accurate contents.

191.    Defendants deny the allegations of Paragraph 191 and incorporate by reference their response to Paragraph 170.  To the extent Paragraph 191 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 191 on that basis.

192.    Defendants deny the allegations of Paragraph 192.  To the extent Paragraph 192 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 192 on that basis.

193. Defendants deny the allegations of Paragraph 193. To the extent Paragraph 193 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 193 on that basis.

194. Insofar as the allegations contained in Paragraph 194 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 194 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2021 for its complete and accurate contents.

195. Insofar as the allegations contained in Paragraph 195 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 195, except admit that the quoted language is part of Amgen's Form 10-Q for the period ended March 31, 2021 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2021 for its complete and accurate contents.

196. Insofar as the allegations contained in Paragraph 196 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 196 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2021 for its complete and accurate contents.

197. Defendants deny the allegations of Paragraph 197 and respectfully refer the Court to Amgen's Form 10-Q for the period ended March 31, 2021 for its complete and accurate

contents.   To the extent Paragraph 197 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 197 on that basis.

198.   Defendants deny the allegations of Paragraph 198, except admit that the quoted language is part of the August 3, 2021 press release, and respectfully refer the Court to the August 3, 2021 press release for its complete and accurate contents.

199.   Defendants deny the allegations of Paragraph 199, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $244.08 on August 3, 2021 and $228.31 on August 4, 2021.

200.   Defendants deny the allegations of Paragraph 200, except admit that the August 3, 2021 earnings transcript contains the quoted language, and respectfully refer the Court to the August 3, 2021 earnings transcript for its complete and accurate contents.

201.   Defendants deny the allegations of Paragraph 201 and respectfully refer the Court to the August 3, 2021 earnings transcript for its complete and accurate contents.   To the extent Paragraph 201 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 201 on that basis.

202.   Defendants deny the allegations of Paragraph 202, except admit that Defendant Giffith signed, and the quoted language is part of, Amgen's Form 10-Q for the period ended June 30, 2021 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2021 for its complete and accurate contents.

203. Defendants deny the allegations of Paragraph 203 and incorporate by reference their responses to Paragraphs 73-136. To the extent Paragraph 203 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 203 on that basis.

204. Defendants deny the allegations of Paragraph 204. To the extent Paragraph 204 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 204 on that basis.

205. Defendants deny the allegations of Paragraph 205. To the extent Paragraph 205 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 205 on that basis.

206. Defendants deny the allegations of Paragraph 206. To the extent Paragraph 206 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 206 on that basis.

207. Insofar as the allegations contained in Paragraph 207 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 207 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2021 for its complete and accurate contents.

208. Insofar as the allegations contained in Paragraph 208 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 208, except admit that the quoted language is part of Amgen's Form 10-Q for the period ended June 30,

35

2021 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2021 for its complete and accurate contents.

209.    Insofar as the allegations contained in Paragraph 209 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 209 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2021 for its complete and accurate contents.

210.    Defendants deny the allegations of Paragraph 210 and respectfully refer the Court to Amgen's Form 10-Q for the period ended June 30, 2021 for its complete and accurate contents. To the extent Paragraph 210 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 210 on that basis.

211.    Defendants deny the allegations of Paragraph 211 and incorporate by reference their responses to Paragraphs 203-07 and 209, except admit that (1) Amgen filed a registration statement on Form 3-ASR on February 10, 2020; (2) Amgen filed a prospectus for the issuance of approximately $5 billion in notes on August 6, 2021; and (3) the August 6, 2021 prospectus incorporated by reference Amgen's annual report on Form 10-K for the year ended December 31, 2020, and Amgen's quarterly reports on Form 10-Q for the quarters ended March 31, 2021 and June 30, 2021.

212.    Defendants deny the allegations of Paragraph 212, except admit that the September 14, 2021 Morgan Stanley Global Healthcare Conference transcript contains the quoted language, and respectfully refer the Court to the September 14, 2021 Morgan Stanley Global Healthcare Conference transcript for its complete and accurate contents.

36

213.    Defendants deny the allegations of Paragraph 213 and incorporate by reference their response to Paragraph 203.  To the extent Paragraph 213 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 213 on that basis.

214.    Defendants deny the allegations of Paragraph 214, except admit that Defendant Griffith signed, and the quoted language is part of, Amgen's Form 10-Q for the period ended September 30, 2021 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2021 for its complete and accurate contents.

215.    Defendants deny the allegations of Paragraph 215 and incorporate by reference their response to Paragraph 203.  To the extent Paragraph 215 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 215 on that basis.

216.    Defendants deny the allegations of Paragraph 216.  To the extent Paragraph 216 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 216 on that basis.

217.    Defendants deny the allegations of Paragraph 217.  To the extent Paragraph 217 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 217 on that basis.

218.    Insofar as the allegations contained in Paragraph 218 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 218, except admit that the quoted language is part of Amgen's Form 10-Q for the period ended

September 30, 2021 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2021 for its complete and accurate contents.

219.    Insofar as the allegations contained in Paragraph 219 relate to claims that have been dismissed by the Court's September 30, 2024 Opinion and Order (ECF No. 63), no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 219 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2021 for its complete and accurate contents.

220.    Defendants deny the allegations of Paragraph 220 and respectfully refer the Court to Amgen's Form 10-Q for the period ended September 30, 2021 for its complete and accurate contents.    To the extent Paragraph 220 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 220 on that basis.

221.    Defendants deny the allegations of Paragraph 221, except admit that the Individual Defendants signed, and the quoted language is part of, Amgen's Form 10-K for the period ended December 31, 2021 and respectfully refer the Court to Amgen's Form 10-K for the period ended December 31, 2021 for its complete and accurate contents.

222.    Defendants deny the allegations of Paragraph 222 and incorporate by reference their response to Paragraph 203.  To the extent Paragraph 222 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 222 on that basis.

223.    Defendants deny the allegations of Paragraph 223.  To the extent Paragraph 223 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 223 on that basis.

224.     Defendants deny the allegations of Paragraph 224.  To the extent Paragraph 224 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 224 on that basis.

225.     Defendants deny the allegations of Paragraph 225 and respectfully refer the Court to Amgen's Form 10-K for the period ended December 31, 2021 for its complete and accurate contents.  To the extent Paragraph 225 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 225 on that basis.

226.     Defendants deny the allegations of Paragraph 226 and incorporate by reference their responses to Paragraphs 203 and 222-24, except admit that (1) Amgen filed a registration statement on Form 3-ASR on February 10, 2020; (2) Amgen filed a prospectus for the issuance of approximately $4 billion in notes on February 18, 2022; and (3) the February 18, 2022 prospectus incorporated by reference Amgen's annual report on Form 10-K for the year ended December 31, 2021.

227.     Paragraph 227 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to Item 303 of Regulation S-K, 17 C.F.R. §229.303, for its complete and accurate contents.

228.     Defendants deny the allegations of Paragraph 228 and respectfully refer the Court to Item 303 of Regulation S-K, 17 C.F.R. §229.303, for its complete and accurate contents.  To the extent Paragraph 228 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 228 on that basis.

229. Defendants deny the allegations of Paragraph 229 and respectfully refer the Court to Item 303 of Regulation S-K, 17 C.F.R. §229.303, for its complete and accurate contents. To the extent Paragraph 229 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 229 on that basis.

230. Paragraph 230 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 230, except admit that the 1989 Interpretive Release contains the quoted language, and respectfully refer the Court to the 1989 Interpretive Release for its complete and accurate contents.

231. Paragraph 231 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 231, except admit that the 1989 Interpretive Release contains the quoted language, and respectfully refer the Court to the 1989 Interpretive Release for its complete and accurate contents.

232. Defendants deny the allegations of Paragraph 232. To the extent Paragraph 232 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 232 on that basis.

233. Defendants deny the allegations of Paragraph 233 and respectfully refer the Court to Item 105 of Regulation S-K, 17 C.F.R. §229.105, for its complete and accurate contents. To the extent Paragraph 233 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 233 on that basis.

234.    Defendants deny the allegations of Paragraph 234 and incorporate by reference their responses to Paragraphs 73-136.  To the extent Paragraph 234 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 234 on that basis.

235.    Defendants deny the allegations of Paragraph 235 and incorporate by reference their responses to Paragraphs 73-136.  To the extent Paragraph 235 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 235 on that basis.

236.    Defendants deny the allegations of Paragraph 236.  To the extent Paragraph 236 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 236 on that basis.

237.    Defendants deny the allegations of Paragraph 237.  To the extent Paragraph 237 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 237 on that basis.

238.    Defendants deny the allegations of Paragraph 238.  To the extent Paragraph 238 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 238 on that basis.

239.    Defendants deny the allegations of Paragraph 239.  To the extent Paragraph 239 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 239 on that basis.

240.    Defendants deny the allegations of Paragraph 240.  To the extent Paragraph 240 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 240 on that basis.

41

241.    Defendants deny the allegations of Paragraph 241.  To the extent Paragraph 241 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 241 on that basis.

242.    Defendants deny the allegations of Paragraph 242, except admit that Defendant Bradway once served as Amgen's Chief Operating Officer and, before that, Amgen's Chief Financial Officer and that Defendant Griffith once served as a partner at Ernst & Young and as Global Vice Chair, Corporate Development at Ernst and Young.

243.    Defendants deny the allegations of Paragraph 243, except admit that the IRS audits dating back to 2002 involved document requests, tours of the Puerto Rican facility, and employee interviews.

244.    Defendants deny the allegations of Paragraph 244.  To the extent Paragraph 244 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 244 on that basis.

245.    Defendants deny the allegations of Paragraph 245.  To the extent Paragraph 245 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 245 on that basis.

246.    Defendants deny the allegations of Paragraph 246.  To the extent Paragraph 246 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 246 on that basis.

247. Defendants deny the allegations of Paragraph 247. To the extent Paragraph 247 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 247 on that basis.

248. Defendants deny the allegations of Paragraph 248. To the extent Paragraph 248 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 248 on that basis.

249. Defendants deny the allegations of Paragraph 249 and respectfully refer the Court to Amgen's public filings for their complete and accurate contents.

250. Paragraph 250 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 250.

251. Defendants deny the allegations of Paragraph 251. To the extent Paragraph 251 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 251 on that basis.

252. Defendants deny the allegations of Paragraph 252. To the extent Paragraph 252 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 252 on that basis.

253. Defendants deny the allegations of Paragraph 253, except admit that Amgen announced the IRS was seeking additional federal tax of approximately $3.6 billion, plus interest for tax years 2010-12 and respectfully refer the Court to Amgen's August 3, 2021 press release for its complete and accurate contents.

254. Defendants deny the allegations of Paragraph 254, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $244.08 on August 3, 2021 and $228.31 on August 4, 2021.

255. Defendants deny the allegations of Paragraph 255, except admit that Amgen announced the IRS was seeking from Amgen approximately $5.1 billion in back taxes, plus interest, and approximately $2 billion in penalties for tax years 2013-15 and respectfully refer the Court to Amgen's April 27, 2022 press release for its complete and accurate contents.

256. Defendants deny the allegations of Paragraph 256, except admit that the price of Amgen stock, as of the close of trading on the New York Stock Exchange, was $248.79 on April 27, 2022 and $238.13 on April 28, 2022.

257. Defendants deny the allegations of Paragraph 257, except admit that the price of Amgen stock was $227.32 on May 2, 2022.

258. Defendants deny the allegations of Paragraph 258. To the extent Paragraph 258 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 258 on that basis.

259. Paragraph 259 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that (1) Amgen stock met the requirements for listing, and was listed and actively traded on the NASDAQ, (2) Amgen has filed certain reports with the SEC, (3) Amgen has communicated with its shareholders, and (4) Amgen is the subject of analyst reports.

260.    Paragraph 260 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

261.    Paragraph 261 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

262.    Paragraph 262 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

263.    Defendants repeat and incorporate their responses to each and every allegation set forth above as if fully set forth herein.

264.    Paragraph 264 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

265.    Defendants deny the allegations of Paragraph 265.  To the extent Paragraph 265 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 265 on that basis.

266.    Defendants deny the allegations of Paragraph 266.  To the extent Paragraph 266 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 266 on that basis.

267.    Defendants deny the allegations of Paragraph 267.  To the extent Paragraph 267 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 267 on that basis.

268.    Defendants deny the allegations of Paragraph 268.  To the extent Paragraph 268 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 268 on that basis.

269.    Defendants deny the allegations of Paragraph 269.  To the extent Paragraph 269 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 269 on that basis.

270.    Defendants deny the allegations of Paragraph 270.  To the extent Paragraph 270 contains legal conclusions for which no response is required, Defendants also deny the allegations of Paragraph 270 on that basis.

271.    Defendants deny the allegations of Paragraph 271. Paragraph 271 also states legal conclusions to which no response is required and is also denied on that basis.

272.    Defendants deny the allegations of Paragraph 272. Paragraph 272 also states legal conclusions to which no response is required and is also denied on that basis.

273.    Defendants repeat and incorporate their responses to each and every allegation set forth above as if fully set forth herein.

274.    Defendants deny the allegations of Paragraph 274. Paragraph 274 also states legal conclusions to which no response is required and is also denied on that basis.

275.    Paragraph 275 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

276.    Defendants deny the allegations of Paragraph 276. Paragraph 276 also states legal conclusions to which no response is required and is also denied on that basis.

277.    Defendants deny the allegations of Paragraph 277. Paragraph 277 also states legal conclusions to which no response is required and is also denied on that basis.

278.    Defendants deny the allegations of Paragraph 278. Paragraph 278 also states legal conclusions to which no response is required and is also denied on that basis.

## **RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure and further deny that Plaintiff and other Class Members suffered any damages caused by the conduct of any of the Defendants and respectfully request the Court deny any award to Plaintiff and other Class Members for damages, interest, costs and expenses, or any other relief.

## **RESPONSE TO JURY DEMAND**

Defendants admit that Plaintiff purports to demand a jury trial. Defendants reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

Without undertaking any burden of proof not otherwise assigned to them by law, the Defendants assert the following affirmative and other defenses with respect to the claims Plaintiff purports to assert in the Amended Complaint. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available to said Defendants, and therefore expressly (1) reserve the right to amend or supplement their Answer, defenses and all other pleadings, and (2) reserve the right to (a) assert any and all additional defenses under any applicable federal and state law in the event that discovery indicates such defenses would be appropriate, and (b) assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

## FIRST DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot prove, were not truly held.

## SECOND DEFENSE

Defendants at all times acted in good faith and in conformity with the applicable federal statutes, including the Securities Act of 1993 and all applicable rules and regulations thereunder, and therefore, pursuant to Section 23(a) of the Exchange Act of 1934, there is no liability for any act or omission so alleged.

## THIRD DEFENSE

Defendants relied in good faith on the representations, reports, expert opinions, and advice of others upon which they were entitled to rely, including both internal and external advisers.

48

**FOURTH DEFENSE**

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because Plaintiff would have purchased the securities in question even with full knowledge of the facts that they now allege were misrepresented or omitted.

**FIFTH DEFENSE**

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because Plaintiff and the members of the class have not suffered any cognizable damages.

**SIXTH DEFENSE**

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, due to the absence of loss causation, including because (1) the depreciation in the market price of the securities in question resulted from factors other than the misstatements and omissions alleged in the Amended Complaint; (2) the alleged misstatements and omissions alleged in the Amended Complaint did not affect the market price of the securities in question; and (3) any losses allegedly incurred by Plaintiff and the members of the class were caused by market conditions or other factors over which Defendants had no control or responsibility.

**SEVENTH DEFENSE**

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because Plaintiff and the putative class cannot establish the primary liability necessary to a claim for control personal liability, including that Defendants

Bradway and Griffith were "culpable participants" in the alleged fraud, and Defendants Bradway and Griffith otherwise acted in good faith.

## EIGHTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because the fraud on the market theory does not apply, and Plaintiff and the members of the class did not review or reasonably rely on any of the allegedly misleading statements.

## NINTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because the *Affiliated Ute* presumption of reliance does not apply, and Plaintiff and the members of the class did not review or reasonably rely on any of the allegedly misleading statements.

Dated: New York, New York
      November 20, 2024

Respectfully submitted,


/s/ Jay B. Kasner
Jay B. Kasner
Tansy Woan
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Jay.Kasner@skadden.com
Tansy.Woan@skadden.com

Peter Morrison
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, CA 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
Peter.Morrison@skadden.com

*Attorneys for Defendants Amgen Inc., Robert*
*  A. Bradway and Peter H. Griffith*