```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
:
:
IN RE AMGEN INC. SECURITIES     :     1:23-cv-02138 (JPC) (HJR)
LITIGATION                       :
:
:
:
------------------------------------ x

## STIPULATION & ORDER
## GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION

**WHEREAS**, Lead Plaintiff Asbestos Workers Philadelphia Pension Fund and Defendants Amgen Inc., Robert A. Bradway, and Peter H. Griffith (collectively, the "Parties," and each individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) (the "Protective Order") to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in the above captioned matter (the "Action");

**WHEREAS**, the Parties, through counsel, agree to the following terms;

**WHEREAS**, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

**WHEREAS**, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action.

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including without limitation the Parties to this Action, their representatives, agents, experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this Action) that is designated as "Confidential" pursuant to the terms of this Protective Order ("Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.      Any Party or non-party that produces or receives discovery material in this Action may designate as Confidential any Discovery Material, or portion thereof, that the producing Party or receiving Party reasonably and in good faith believes consists of or contains non-public information related to:

      A.      Sensitive Commercial Data, including, but not limited to, non-public or proprietary research; development, manufacturing, commercial or business information; trade secrets; company security matters; customer lists; financial data; accounting and reserves related communications and information; projected sales data; production data; taxation strategies; information required to be kept confidential pursuant to a contractual obligation; matters relating to mergers and acquisitions; and transfer pricing data.

      B.      Sensitive Personal Data, such as personal identifiers, financial information, tax records, employer personnel records, social security numbers, financial account numbers, passwords, and information that may be used for identity theft.

      C.      Any information entitled to confidential treatment under Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to U.S. or foreign privacy, data protection, or secrecy laws.

      D.      Any other category of information hereinafter given confidential status by this Court.

      3.      With respect to the Confidential portion of any Discovery Material, other than deposition transcripts, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) affixing the legend "CONFIDENTIAL" to each page (or its image, if produced electronically) containing any Confidential Discovery Material or, in the case of ESI produced in native format, audio files, or video files, by including "CONFIDENTIAL" on the single-page Bates stamped image slip sheet stating the document has been produced in native format; and, where Discovery Material is only partially confidential, (b) conferring with the receiving Party regarding appropriate redactions to said Discovery Material with the confidential information redacted at the time any Party desires to publicly disclose or file the Discovery Material.

      4.      With respect to deposition transcripts, at the request of any Party, the original and all copies of any deposition transcript (as well as any corresponding video recording) may be designated, in whole or in part, as Confidential either by (a) indicating on the record during the deposition that the transcript or a portion thereof shall be marked "CONFIDENTIAL" by the reporter, at which point any portions so designated shall thereafter be separated and treated in accordance with the terms of this Protective Order; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, that the transcript or a portion thereof shall be designated Confidential. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

Documents used as deposition exhibits shall continue to be treated in accordance with the designation previously given to them prior to the deposition.

5. If at any time prior to the trial of this Action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

> A. the Parties to this Action and any agents thereof who are assisting with or making decisions concerning this Action; and the Parties' insurers and counsel to their insurers participating in matters relating to this Action and their legal, clerical, or support staff;
>
> B. counsel retained specifically for this Action, including any paralegals, clerical and other assistants, and other regular and temporary employees employed by such counsel and assigned to this matter;
>
> C. mediators and their staff; professional jury or trial consultants and mock jurors;
>
> D. outside vendors or service providers (such as copy-service providers and document-management consultants, document review vendors, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;
>
> E. as to any document, its author, its addressee, and any other person indicated on the face of the document or an accompanying communication as having received a copy or, in the case of meeting minutes, an attendee of the meeting, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
>
> F. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
>
> G. any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel or a Party in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including

      outside copying services and outside support services) who are assisting with the Action;

  H. stenographers and videographers engaged to transcribe depositions conducted in this Action; and

  I. this Court, including any appellate court, and the court reporters and support personnel for the same.

  7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in Subparagraphs 6(E), 6(F), 6(G) or 6(H) above, as well as any agents, insurers, and counsel to insurers referred to in Subparagraph 6(A) and any professional jury or trial consultants and mock jurors referenced in Subparagraph 6(C), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either within a reasonable time prior to such person being permitted to testify (at deposition or trial) or within a reasonable time following the conclusion of the case, whichever comes first.

  8. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this Action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with the Court's Individual Practices. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Protective Order.

  9. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this Action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with the Court's Individual Practices.

  10. Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of privileged information or documents in response to any discovery request, including Federal Rule of Civil Procedure Rule 26(a)(1) disclosures and document productions, shall not constitute or be deemed a waiver or forfeiture, in whole or in part, of any claim of attorney-client privilege, work-product doctrine or any other applicable privilege in this Action, or in any other court, legal proceeding or other respect.

  11. If, in connection with this Action, a Party or non-party unintentionally discloses information that is subject to a claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or doctrine, or any other applicable privilege, immunity, or protective doctrine ("Inadvertently Disclosed Information"), and alerts the receiving Party to the Inadvertently Disclosed Information and the basis of the claimed privilege, doctrine or immunity in writing (including Bates number identification) within a reasonable amount of time after discovery of the inadvertent disclosure, the receiving Party shall, within fourteen (14)

calendar days, use good faith reasonable efforts to (i) return, sequester or destroy all copies of the Inadvertently Disclosed Information and provide a written certification of counsel that all such Inadvertently Disclosed Information has been handled in accordance with this Paragraph, (ii) refrain from any further use or disclosure of the Inadvertently Disclosed Information; and (iii) retrieve any copies of the Inadvertently Disclosed Information disclosed in accordance with this Protective Order prior to receiving notice. Nothing in this Paragraph shall be read to limit the Parties' rights under Federal Rule of Civil Procedure 26(b)(5)(B). Within seven (7) days of the return or destruction of the Inadvertently Disclosed Information, the producing Party shall produce a privilege log specifying the basis for the claimed privilege as required under the rules and the agreement of the parties.

12.    Any Party who objects to any designation of Inadvertently Disclosed Information as subject to a claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or doctrine, or any other applicable privilege, immunity, or protective doctrine may at any time prior to the trial of this Action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with the Court's Individual Practices. While such an application is pending, the Inadvertently Disclosed Information in question shall be treated as Confidential Discovery Material pursuant to this Protective Order. The procedures set forth in this paragraph shall also apply to any objection raised with respect to a Party's claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or doctrine, or any other applicable privilege, immunity, or protective doctrine, as well as any disputes related to the Parties' privilege logs.

13.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within 30 days of receiving the request or becoming aware that a request calls for such information, the producing Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the producing Party seeks a protective order or other relief from this Court within 60 days of that notice, the producing Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

14.    Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense, including any settlement thereof, of this Action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to his, hers or its own documents or information produced in this Action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

15.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction, provided, however, that such person receiving a request will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

16. All persons seeking to file redacted documents or documents under seal with the Court shall follow the Court's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers, unless explicitly permitted by the Court's Individual Practices. The Parties will use their best efforts to minimize such sealing.

17. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, without redacting the text that in no material way reveals the Confidential Discovery Material.

18. A receiving Party shall not use Confidential Discovery Material in any Public AI Tool. To the extent a receiving Party uses Confidential Discovery Material with any Non-Public AI Tool, any output or learning from those tools shall be deemed Confidential Discovery Material of the producing Party. If a Party did not turn off the learning of any Non-Public AI tool, then the AI tool is Confidential Discovery Material of the producing Party and must be Destroyed not later than ninety (90) days (as calculated by Federal Rule of Civil Procedure 6) after the termination of this Litigation. For these purposes:

> "**AI Tool**" means any model, software, system, technology, tool or similar that use any artificial intelligence, natural language processing, deep learning, machine learning algorithms, to produce or predict outputs; including any that use computational, statistical, or machine-learning techniques to produce outputs from a given set of inputs.
>
> "**Public AI Tool**" means any AI Tool that is accessible to individuals or entities outside of a specific contractual agreement. Public AI Tools include but are not limited to AI Tools that have open access, provide broad non-exclusive benefits, or allow any user the benefit of knowledge accumulated from user interactions, prompts, and content.
>
> "**Non-Public AI Tool**" means any AI Tool where a Party can control the retention of prompts, the learning or non-learning of the AI Tool, the Party is contractually responsible for the use of AI Tool, and the AI Tool is not a Public AI Tool. A Non-Public AI Tool should have access restricted only to persons authorized under Paragraph 6.

19. Any Sensitive Personal Data ("SPD") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving SPD experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach.

20. Each person who has access to Discovery Material that has been designated as Confidential shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Confidential Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based. The recipient of any SPD shall protect these materials with the same degree of care that they use to protect and safeguard their own like information. With respect to financial information, the recipient of SPD shall protect these materials, no less than the degree of care required of financial institutions to meet their own obligations as to such data given its sensitivity and value. Such measures shall include, but are not limited to, maintaining the data in encrypted form when not being used, restricting access to the data to persons employed by counsel or experts who are actively assisting counsel and experts in this Action, and ensuring that the data is not copied, reproduced, extracted or abstracted except to the extent that such acts are reasonably necessary for the conduct of this Action. Any such copies, reproductions, extractions or abstractions are SPD and are subject to the same restrictions and controls.

21. This Protective Order shall apply to pre-trial proceedings in this Action and shall have no application at trial. The Parties agree to confer in good faith on a protective order to govern during trial in this Action. This Protective Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered.

22. The terms of this Protective Order are applicable to information produced by non-parties in this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

23. This Protective Order shall survive the termination of the litigation. Within 90 days of the final disposition of this Action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time for any further appeals has expired), the receiving Party must make commercially reasonable efforts to return or destroy all Confidential Discovery Material and all copies thereof. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings; motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Protective Order. This provision does not require the return or destruction of Confidential Discovery Material subject to legal hold obligations, or whose return or destruction would violate applicable federal or state law or regulations.

24. This Protective Order may be changed only by agreement of the Parties or by an order of this Court. Except as provided herein, this Protective Order shall not prejudice the right of any Party or non-party to move the Court to broaden or restrict the rights of access to and use

of particular Confidential Discovery Material, or to seek modification of this Protective Order upon due notice to all other Parties and affected non-parties.

25. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Discovery Material produced by or obtained from any Party until the newly joined parties or their counsel endorse a copy of a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.

26. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder.

DATED: February 13, 2025
New York, New York

| ROBBINS GELLER RUDMAN & DOWD LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| /s/ Evan J. Kaufman | /s/ Jay B. Kasner |
| Samuel H. Rudman<br>Evan J. Kaufman<br>Mark T. Millkey<br>Avital O. Malina<br>Skyler J. Sands<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: (631) 367-7100<br>Facsimile: (631) 367-1173<br>srudman@rgrdlaw.com<br>ekaufman@rgrdlaw.com<br>mmillkey@rgrdlaw.com<br>amalina@rgrdlaw.com<br>ssands@rgrdlaw.com<br><br>*Counsel for Lead Plaintiff Asbestos Workers Philadelphia Pension Fund* | Jay B. Kasner<br>Tansy Woan<br>Michael W. Restey Jr.<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3000<br>Facsimile: (212) 735-2000<br>jay.kasner@skadden.com<br>tansy.woan@skadden.com<br>michael.restey@skadden.com<br><br>Peter Morrison<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>2000 Avenue of the Stars, Suite 200N<br>Los Angeles, CA 90067<br>Telephone: (213) 687-5000<br>Facsimile: (213) 687-5600<br>peter.morrison@skadden.com<br><br>*Counsel for Defendants Amgen Inc., Robert A. Bradway and Peter H. Griffith* |

**SO ORDERED.**

Dated: February 14, 2025
New York, New York

_____
HENRY J. RICARDO
United States Magistrate Judge

## **EXHIBIT A**

### Non-Disclosure Agreement

I have been informed by counsel that Confidential Discovery Material[1] is being provided to me pursuant to the terms and restrictions of the Protective Order in connection with the Action entitled *In re Amgen Inc. Securities Litigation*, Case Number: 23-cv-02138 (JPC) (HJR). I have been given a copy of the Protective Order and I have read the Protective Order.

I agree to be bound by the Protective Order. I will not reveal any information contained in the Confidential Discovery Material to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Discovery Material—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than 90 days after the conclusion of this action, I will return the Confidential Discovery Material. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Protective Order.

_____
[Printed name]

_____
[Job title]

_____
[Employer]

_____
[Signature]

DATED: _____

---

[1] Capitalized terms shall have the same meaning as ascribed in the Joint Stipulation and Order Governing the Treatment of Confidential Information (ECF No. \_\_).