UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK


In re:                                    :
                                              Docket #23cv2138
AMGEN INC. SECURITIES LITIGATION          :

                                          : New York, New York
                                            January 8, 2025
------------------------------------- :


                        PROCEEDINGS BEFORE
                 THE HONORABLE HENRY J. RICARDO,
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:              ROBBINS GELLER RUDMAN & DOWD LLP
                            BY:  EVAN KAUFMAN, ESQ.
                                 SKYLER SANDS, ESQ.
                                 AVITAL MALINA, ESQ.
                            58 South Service Road, Suite 200
                            Melville, New York 11747

For Defendants:             SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM LLP
                            BY:  JAY KASNER, ESQ.
                                 MICHAEL RESTEY, ESQ.
                            One Manhattan West
                            New York, New York 10001-8602












Transcription Service: Carole Ludwig, *Transcription Services*
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

2

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross | Court |
|---------|--------|-------|-----------|----------|-------|
| None | | | | | |

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|-----|-----|-----------|
| None | | | | |

PROCEEDINGS                    3

THE COURT:  Good afternoon, counsel, this is Judge Ricardo.  We are here for a Rule 16 conference in In Re Amgen Inc. Securities Litigation, number 23cv2138. As you heard at the outset, this conference is being recorded so that the parties can have it transcribed if they wish.  Can we start with appearances starting with the plaintiffs please.

MR. EVAN KAUFMAN:  Yes, good afternoon, Your Honor, this is Evan Kaufman on behalf of the lead plaintiff, with the firm of Robbins Geller Rudman & Dowd. And also from my firm is Skyler Sands and Avital Malina.

THE COURT:  And the for defendant.

MR. JAY KASNER:  Good afternoon, this is Jay Kasner from Skadden Arps on behalf of the defendants.  It has been a while, Your Honor, so nice to chat with you again.  I'm joined this afternoon in person by Michael Restey of our firm.  Also on the line, Your Honor, is Mary Beth Cantrell who is Senior Associate General Counsel at Amgen.

Your Honor, we had also anticipated that my partner Peter Morrison who is counsel of record in this matter for defendants would've joined today as well, but as Your Honor has probably seen on the television, Mr. Morrison is based in Los Angeles, and the events that

PROCEEDINGS                     4

have occurred out there in the last 24 hours have

necessitated his attention on an emergency basis to

personal matters.  So --

THE COURT:  Of course.

MR. KASNER:  -- we appreciate him being excused

from the conference today, Your Honor.

THE COURT:  Of course, of course.  It sounds

like we have enough folks to proceed and to make this

productive.  There were a few items I just wanted to go

over in the case management plan that you submitted.

First, turning to item 5, I just wanted to confirm

whether or not the initial disclosures have been

exchanged.  I think you put down a January 6 date for

that.

MR. KAUFMAN:  Your Honor, this is Evan Kaufman

speaking.  Yes, we served, all parties actually served

initial disclosures this past Monday.  We received

defendants' and we served defendants with the plaintiff's

initial disclosures.

THE COURT:  Okay, great.  The next item I saw

that was worth discussing was 7(f) which concerns

proposed limits on discovery.  There's a note that the

plaintiff intends to seek an enlargement of the

presumptive ten deposition limit and the defendants

PROCEEDINGS                      5

reserve the right to object.  I just wanted to hear if there was more we ought to discuss on that for purposes of the scheduling order.

MR. KAUFMAN:  Your Honor, I had just wanted to, with respect to the plaintiffs, it's just, it's difficult to know at this point just, you know, how many more we will likely need just based on our experience in other cases and the number of essential non-parties as well as parties and the facts, it appears we will likely need to request more than ten, but we just don't know yet.

THE COURT:  Okay, well, it sounds like – well, let me hear from the, if the defendant wishes to be heard first.

MR. RESTEY:  Your Honor, this is Michael Restey for the defendants.  Once plaintiff's able to make that determination, defendants can then assess and make a determination on their end whether such request is appropriate or what position defendants would take.  But – that's all.

THE COURT:  Yeah.  No, and that makes sense to me.  I think in this initial order I will not make a provision for enlarging the ten deposition limit, but obviously that's without prejudice to the plaintiff making an application, and obviously defendant would

PROCEEDINGS                          6

reserve its right to oppose that.  Okay.

Next one I wanted to raise with the parties has to do with expert discovery under 8(d) since there's a deadline for conferring on a schedule for expert disclosures.  I think you put down February 13, 2026 while the fact discovery close is maybe a month after that.  I suggest just having that meet and confer a little bit earlier than that so that you have time to work out the expert disclosure schedule and when the exchanges will be sufficiently in advance of the fact discovery close.  That was my thinking, but let me hear from the parties if they have a different view, starting with the plaintiff.

MR. KAUFMAN:  We're fine with moving it up a little bit.  You know, we wouldn't want it to be too early, but we'd be amenable to moving it up to January.

THE COURT:  What does the defendant say?

MR. RESTEY:  Your Honor, Michael Restey.  The defendants are not opposed to moved it up as well and are find with moving it up to January.

THE COURT:  Okay, we'll do that.  Let's see. The next thing I wanted to discuss was item 10 which is the anticipated motion for class certification.  There are two observations I wanted to share with the parties

PROCEEDINGS                    7

on that.  First, obviously you're not expecting a fact discovery to close until later than that.  I'm assuming you're going to prioritize whatever discovery needs to occur for the class certification briefing, but, and if you think you can do that, that's fine, but I just wanted to raise that point.

The second observation I'll share with you is that that briefing scheduling is kind of long, and the difficulty with, and I assume this is going to go to Judge Cronin, not to me, and the difficulty with this schedule as drafted is if you have a motion filed in August, it's going to be on Judge Cronin's list to get decided by March, and if the briefing runs all the way to the end of December, it's a little tight.  So I would think either it makes sense to tighten the schedule or maybe to move it into September to have it start, but those are my two observations on the motion for class certification.  So let me hear what the parties think starting with the plaintiff.

MR. KAUFMAN:  Yes, I agree, it looks like a long schedule, Your Honor, and the reason for that is because the way that it typically runs is plaintiffs would file their motion, and then all of the depositions would take place prior to defendants filing their opposition.  And

PROCEEDINGS                          8

then plaintiffs would then file their reply after that. And depositions would include both the lead plaintiffs as well as potentially other third parties and experts. But with respect to the length of time, you know, I think we could, you know, discuss with defendants if they're, you know, if we could figure out a way to shorten it.

THE COURT: Yeah, and just to clarify, I mean if you're contemplating doing the discovery that you need for the class certification briefing during the briefing, then it occurs to me you might just move the whole process a lot earlier, but I'm not sure if that's what you were saying.

MR. KAUFMAN: Yes, well, we would be doing the depositions during the briefing. It'll be like after the original motion was filed but before, and that would all have to be completed before defendants filed their opposition.

THE COURT: Okay, well, let me hear from the defendant on this.

MR. RESTEY: Your Honor, I think there's a couple of things. Obviously, we're willing to confer with plaintiffs to adjust the schedule as necessary. Two potential options I see. We could move the schedule up to accommodate for that. The other option is to serve

PROCEEDINGS                    9

the motions on the dates that are identified here but just file it once briefing is complete in December, in which case then you don't have the initial motion and brief filed in August.  Everything isn't filed until December 23 when the reply is served.

THE COURT:  That's an intriguing option.  I feel like it might, rather than try and decide this on the fly and impose something on you, do you think this might benefit from some further conferral between the parties?

MR. RESTEY:  Yes, Your Honor, we think that makes sense.

THE COURT:  Okay, so we'll hold that one open. Obviously, I'd like you guys, I'd like to enter a scheduling order as soon as we can, I don't want to hold things up, but you have at least exchanged initial disclosures.  So that's good.  So we'll just put a pin on that one.

Let's see.  Obviously, I always like to raise with the parties in these conferences early settlement or resolution.  It sounds like you think private mediation could be helpful later, but you're not ready now, if I hear you correctly.  Is that where the parties are at?

MR. KAUFMAN:  That's correct, Your Honor.

MR. RESTEY:  Your Honor, Mike Restey, that's

PROCEEDINGS                    10

correct, Your Honor.

THE COURT:  Okay.  I got it.  Settlement is obviously a good thing, but I've learned from doing this that sometimes it's just too early and sometimes you need discovery, and it sounds like this is that kind of case. Okay.

So I think what I'll do is, after giving you some further time to confer about how you want to handle the class certification briefing in light of the discussion we've had today, I'll ask if you can submit a revised version of this, and then we'll try to get it entered as quickly as possible.  And I'll add a date for probably a joint status letter from the parties, probably about 60 days from when we enter the order.  How much time would you like to confer further about the process for class certification?  I mean is this week too aggressive or do you want like another full week to do it?

MR. KASNER:  Your Honor, it's Jay – oh, go ahead please.

MR. KAUFMAN:  No, go ahead.

MR. KASNER:  Forgive me, Your Honor. Ordinarily, I would think that this could be done promptly, and certainly if the Court directs it this

PROCEEDINGS                          11

week, we could.  Given the circumstances in Southern California, Your Honor, and our preference to have Mr. Morrison's input into these issues, if we could get some additional time just to take that into account, I'd appreciate it.  So perhaps a week from today, Your Honor, would that be acceptable?

THE COURT:  That is acceptable, particularly under the circumstances.  So let's go with that.  Okay, is there anything further the parties want to discuss today?

MR. RESTEY:  Just with respect to the date for Section 8(d) that you prefer we'd move up to January.  Is that a date that you would like us, the parties to meet and confer about and submit a proposed revised date to you when we submit the proposed document next week?

THE COURT:  Oh, I was just going to bump it up a month.  I was going to make it, you know, something in mid-January.

MR. RESTEY:  Okay.

MR. KAUFMAN:  That's fine with the plaintiffs, Your Honor.

THE COURT:  Okay.

MR. RESTEY:  That's fine with defendants as well, and nothing further from defendants.

PROCEEDINGS                    12

THE COURT:  Okay.  Great.  Well, thank you all, and I look forward to seeing a revised case management plan within a week from today.  Thank you.

MR. KAUFMAN:  Thank you, Your Honor.

MR. RESTEY:  Thank you, Your Honor.

MR. KASNER:  Thank you, Your Honor.

(Whereupon the matter is adjourned.)

13

C E R T I F I C A T E


        I, Carole Ludwig, certify that the foregoing

transcript of proceedings in the United States District

Court, Southern District of New York, IN RE AMGEN

SECURITIES LITIGATION, Docket #23cv2138, was prepared using

PC-based transcription software and is a true and accurate

record of the proceedings.


Signature_____*Carole Ludwig*_____

                CAROLE LUDWIG

Date:  February 28, 2025