**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AMGEN INC. DERIVATIVE LITIGATION | Case No.: 1:23-cv-06754-JPC |

(Caption continues on next page.)

| | |
|---|---|
| DM COHEN INC., Derivatively on Behalf of AMGEN INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>ROBERT A. BRADWAY, PETER H. GRIFFITH, WANDA M. AUSTIN, BRIAN J. DRUKER, ROBERT A. ECKERT, GREG C. GARLAND, FRED HASSAN, CHARLES M. HOLLEY, JR., S. OMAR ISHRAK, TYLER JACKS, ELLEN J. KULLMAN, AMY E. MILES, RONALD D. SUGAR, and R. SANDERS WILLIAMS,<br><br>      Defendants,<br><br>and<br><br>AMGEN INC., a Delaware Corporation,<br><br>      Nominal Defendant. | Case No.: 1:25-cv-01623-JPC-HJR<br>[rel. 1:23-cv-06754 (JPC);<br>1:23-cv-02138 (JPC) (HJR)] |

## JOINT STIPULATION AND [PROPOSED] ORDER
## FURTHER CONSOLIDATING RELATED DERIVATIVE ACTIONS

**WHEREAS**, on August 2, 2023, Plaintiff Leon Martin filed a shareholder derivative action on behalf of Nominal Defendant Amgen Inc. ("Amgen" or the "Company") alleging causes of action for breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants Robert A. Bradway, Wanda Austin, Michael Drake, Brian Druker, Robert Eckert, Greg Garland, Charles Holley Jr., S. Omar Ishrak, Tyler Jacks, Ellen Kullman, Amy E. Miles, Ronald Sugar, R. Sanders Williams, and Peter H. Griffith, originally captioned *Martin v. Bradway, et al.*, Case No. 1:23-cv-06754-JPC (the "*Martin* Action");

**WHEREAS**, on December 1, 2023, Plaintiff Cheri Clearwater filed a shareholder derivative action on behalf of Nominal Defendant Amgen in this Court alleging causes of action for breaches of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for violations of Sections 14(a), 10(b), and 20(a) of the Exchange Act against substantially the same defendants named in the *Martin* Action, captioned *Clearwater v. Bradway, et al.*, Case No. 1:23-cv-10538-JPC (the "*Clearwater* Action");[1]

**WHEREAS,** on January 16, 2024, this Court entered an order consolidating the *Martin* Action and the *Clearwater* Action into one case, captioned *In re Amgen Inc. Derivative Litigation*, Case No. 1:23-cv-06754-JPC (the "Consolidated Action");

**WHEREAS**, on December 10, 2024, this Court entered an order staying the Consolidated Action (the "Consolidated Stay Order," ECF No. 35) through the resolution of the related, putative securities class action captioned *In re Amgen Inc. Securities Litigation*, Case No. 1:23-cv-02138-JPC-HJR (the "Securities Action");

**WHEREAS,** on February 26, 2025, Plaintiff DM Cohen Inc.[2] filed a shareholder derivative action on behalf of Nominal Defendant Amgen in this Court alleging causes of action for breaches of fiduciary duties, unjust enrichment, waste of corporate assets, and for violations of Sections 10(b), 20(a), and 21D of the Exchange Act against substantially the same defendants

---

[1]  The *Clearwater* Action did not name Michael Drake as a defendant; however, on December 7, 2023, Plaintiff Leon Martin filed a Notice of Voluntary Dismissal As To Defendant Michael Drake in the *Martin* Action. (Consolidated Action, Case No. 1:23-cv-06754-JPC, ECF No. 25.)

[2]  Plaintiff DM Cohen Inc., together with Plaintiffs Cheri Clearwater and Leon Martin, are defined as "Plaintiffs."

named in the Consolidated Action, captioned *DM Cohen, Inc. v. Bradway, et al.*, No. 1:25-cv-01623 (JPC) (the "Related Derivative Action");[3]

**WHEREAS**, the parties in the Related Derivative Action have engaged in discussions regarding consolidation of the Related Derivative Action with the Consolidated Action, service of process within the Related Derivative Action, and the Consolidated Stay Order;

**WHEREAS**, the parties in the Related Derivative Action and the Consolidated Action agree that the Related Derivative Action and the Consolidated Action challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would therefore best be served by consolidating the Related Derivative Action with the Consolidated Action pursuant to Federal Rule of Civil Procedure 42(a);

**WHEREFORE**, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as set forth below.

1.      The Consolidated Stay Order is temporarily lifted for the limited purpose of filing this Stipulation and the Court ruling on this Stipulation.

2.      The Related Derivative Action is hereby consolidated for all purposes, including pre-trial proceedings and trial, under the Consolidated Action (Case No. 1:23-cv-06754-JPC).

3.      All papers filed in connection with the Consolidated Action will continue to be maintained in one file under Lead Case No. 1:23-cv-06754-JPC.

4.      Defendants in the Related Derivative Action accept service of the summons and complaint filed in the Related Derivative Action, but will not have any obligation to respond to the complaint in the Related Derivative Action, and the time to respond to the complaint in the Related Derivative Action is adjourned *sine die*.

---

[3]      Plaintiff DM Cohen Inc. additionally named Fred Hassan as an individual defendant.

5.     In the event that a mediation or court-ordered settlement conference is held in an effort to settle the Securities Action, counsel for Amgen shall provide Plaintiffs with reasonable advance notice of said mediation. Should a mediation be held in an effort to settle the Securities Action, the parties to the Consolidated Action agree to contemporaneously mediate in an effort to settle the Consolidated Action. Counsel for Amgen in the Consolidated Action shall inform Plaintiffs promptly upon the scheduling of any mediation with any party in the Consolidated Action or any other plaintiffs in any derivative action arising out of substantially similar alleged conduct and shall include Plaintiffs in any such mediation;

6.     If any derivative action arising out of substantially similar alleged conduct is not stayed for the same or longer duration as the stay of the Consolidated Action, Plaintiffs may terminate this stipulated stay upon thirty (30) days' written notice via email to counsel for Defendants in the Consolidated Action. If Plaintiffs terminate the stipulated stay pursuant to this paragraph, Defendants reserve the right to file a motion for a further stay of proceedings, which Plaintiffs may oppose;

7.     If any derivative action arising out of substantially similar alleged conduct is stayed on terms more favorable than the instant stay within the Consolidated Action, Plaintiffs will receive the same terms;

8.     Notwithstanding the agreed-upon stay of the Consolidated Action, Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants in the Consolidated Action shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay and will have thirty (30) days after the stay is lifted to answer, move against or otherwise respond to such amended pleading;

9.     Defendants in the Consolidated Action shall promptly notify Plaintiffs of any

derivative action filed in any forum arising out of conduct substantially similar to that alleged in the Consolidated Action, as well as any related demands under Section 220 of the Delaware General Corporation Law Section or litigation demands;

10. To the extent permissible under the terms of the protective order filed in the Securities Action, (Securities Action, ECF No. 78), counsel for Amgen shall make available to Plaintiffs any unredacted versions of briefing and accompanying exhibits that are exchanged between the parties in the Securities Action and unredacted versions of any mediation statements by Defendants and accompanying exhibits in connection with any mediation in the Securities Action; and

11. The Consolidated Action is stayed for all purposes pending the entry of final judgment in the Securities Action.

**THE BROWN LAW FIRM, P.C.**

Dated: April 18, 2025

 */s/ Timonthy Brown*
Timothy Brown
Saadia Hashmi
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
Email: shashmi@thebrownlawfirm.net

*Attorneys for Plaintiff Cheri Clearwater*

**RIGRODSKY LAW, P.A.**

Dated: April 18, 2025

*/s/ Seth D. Rigrodsky*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff Leon Martin*

**JOHNSON FISTEL, LLP**

Dated: April 18, 2025

*/s/ Ralph M. Stone*
Ralph M. Stone
620 Fifth Ave., 2nd Floor
New York, NY 10020
Telephone: (212) 292-5690
Email: RalphS@johnsonfistel.com

Michael I. Fistel, Jr.
Mary Ellen Conner
Murray House
40 Power Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Email: michaelf@johnsonfistel.com
Email: maryellenc@johnsonfistel.com

Jeffrey A. Berens
2373 Central Park Boulevard, Suite 100
Denver, CO 80238
Telephone: (303) 861-1764
Email: jeffb@johnsonfistel.com

*Attorneys for Plaintiff DM Cohen Inc.*

**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**

Dated: April 18, 2025

*/s/ Jay B. Kasner*
Jay B. Kasner
Tansy Woan
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email: jay.kasner@skadden.com
Email: tansy.woan@skadden.com

Peter B. Morrison
2000 Avenue of the Stars, Ste. 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Email: peter.morrison@skadden.com

*Attorneys for Nominal Defendant Amgen Inc.*

SO ORDERED this __21st__ day of ___April___, 2025.

_____
HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE