# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                         :

                         :

                         :  1:23-cv-02138 (JPC) (HJR)

IN RE AMGEN INC. SECURITIES    :
LITIGATION                      :

                         :

                         :

                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

## [PROPOSED] PROTECTIVE ORDER REGARDING DEFENDANTS' WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION

Upon consideration of the parties' submissions, the Court hereby ORDERS, pursuant to Rules 16(c)(2)(F) and 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, as follows:

1. By Defendants Amgen Inc. ("Amgen"), Robert A. Bradway, and Peter H. Griffith's (collectively, "Defendants") assertion of the good faith reliance on counsel defense, Amgen shall be deemed to have waived the attorney-client privilege and work product protection in the above-captioned action (the "Action") solely with respect to documents, communications, and information within their custody or control, and within the parties' agreed-upon date range of January 1, 2017 through April 27, 2022, that concern the following subject matters (the "Subject Matters"):

    a. Defendants' belief that the public disclosures alleged in Lead Plaintiff's Amended Complaint to be materially false and misleading were lawful under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. ¶¶ 78j(b), 77t(a); and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5;

b. The public disclosure or non-disclosure of the proposed adjustment amounts identified in the Internal Revenue Service's ("IRS") Notices of Proposed Adjustment and Revenue Agent Reports issued in connection with the IRS's audits of Amgen for tax years 2010-2012 and 2013-2015 (the "IRS Audits"); and/or

c. Defendants' consideration of whether to publicly disclose the amounts of the proposed adjustments sought by the IRS and/or the amount of Amgen's potential liability with regard to the IRS Audits.

2. Pursuant to Federal Rule of Evidence 502(d), disclosure of the materials defined in Paragraph 1 of this Protective Order is not a waiver in any other federal or state proceeding with respect to the disclosed materials. Defendants' right to withdraw their good-faith reliance defense is explicitly preserved in the event that, notwithstanding the 502(d) order, and during the pendency of this action, any court in any other proceeding orders the production of any material produced pursuant to this Protective Order that would otherwise be protected by the attorney-client privilege and/or work product protection. Upon such withdrawal, Plaintiff shall destroy all documents, communications, and information produced pursuant to this Protective Order and otherwise subject to a claim of attorney-client privilege and/or work product protection, inclusive of any work product generated by Plaintiff based on such material and any such material provided to any person retained by Plaintiff to serve as an expert witness or consultant, and Plaintiff shall not use the information contained within those documents or communications for any purpose. Plaintiff shall provide a written certification of counsel that all such materials have been handled in accordance with this Paragraph.

3. This Protective Order does not affect any claim or waiver of attorney-client privilege and/or work product protection held by persons or parties other than Defendants.

**SO ORDERED:**

_____, 2026
New York, New York

_____
HONORABLE HENRY J. RICARDO
UNITED STATES MAGISTRATE JUDGE