UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
| --- | --- | --- |
| IN RE AMGEN INC. SECURITIES LITIGATION | : | Civil Action No. 1:23-cv-02138 (JPC) (HJR) |
|  | : |  |
|  | x | <u>CLASS ACTION</u> |

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

WHEREAS, the above-captioned action is pending before this Court (the "Action");

WHEREAS, the initial complaint in this Action was filed on March 13, 2023 (ECF No. 1);

WHEREAS, the Amended Complaint was filed in the Action on August 31, 2023 (ECF No. 34);

WHEREAS, Defendants expressly have denied, and continue to deny, that they violated the federal securities laws or any law or breached any duty, and maintain that their conduct was at all times proper and in compliance with all applicable laws and have agreed to the Stipulation of Settlement, dated July 20, 2026 (the "Stipulation") solely to eliminate the burden, expense, and uncertainty of further protracted litigation;

WHEREAS, the Lead Plaintiff, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement, in accordance with the Stipulation, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action with prejudice upon, and subject to, the terms and conditions set forth therein;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto.

NOW, THEREFORE, IT IS HEREBY ORDERED:

- 1 -

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Action is hereby certified as a class action on behalf of all Persons that purchased or otherwise acquired Amgen common stock between July 29, 2020 and April 27, 2022, inclusive, who were damaged thereby.  Excluded from the Class are: Defendants, the officers and directors of Amgen, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which Defendants have or had a controlling interest, and any judicial officer presiding over this Action or a member of his/her immediate family or judicial staff.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

3.      The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Lead Plaintiff, Asbestos Workers Philadelphia Pension Fund, is preliminarily certified as Class Representative, and Lead Counsel, Robbins Geller Rudman & Dowd LLP, is preliminarily certified as Class Counsel.

5.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) it falls within a range of reasonableness warranting final approval; (iii) it has no obvious deficiencies; and (iv) it warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

6.      A hearing shall be held before this Court on _____, 2026, at _____.m. (the "Settlement Hearing"), at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 12D, 500 Pearl Street, New York, NY 10007-1312 to: (a) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as defined in ¶1.17 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees, costs, charges, and expenses that should be awarded to Lead Counsel; (e) determine any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (f) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses; and (g) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7.    The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Proof of Claim and Release, and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, and 4, respectively.

8.    The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3.

9.    The firm of Verita Global ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

10.    Amgen shall provide or cause to be provided to the Claims Administrator, at no cost to the Lead Plaintiff or the Class, within ten (10) business days after the Court signs this Order, a list in electronic searchable form, such as Excel, containing the names and addresses of registered holders of Amgen common stock during the Class Period, as set forth in the records of its transfer agent. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

11.    Not later than _____, 2026 (the "Notice Date") (a date twenty-one (21) calendar days after entry by the Court of this Order), the Claims Administrator shall commence sending a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, by First-Class Mail (or email, where an email address is available) to all Class Members who can be identified with reasonable effort. Further, on the Notice Date, the Notice and Proof of Claim and Release form shall be posted on the case-designated website, www.AmgenSecuritiesSettlement.com. For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

12.     Not later than _____, 2026 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

13.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms and other persons or entities who purchased or acquired Amgen common stock during the Class Period (between July 29, 2020 and April 27, 2022, inclusive). Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Postcard Notice, to either forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominee purchasers or holders who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing include up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by

the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

15.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16.     All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund, and in no event shall any of the Released Defendant Parties bear any responsibility, liability, or obligation for such fees, costs, or expenses. Notwithstanding the foregoing, Amgen shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator reasonably available transfer records for purposes of mailing notice to the Class pursuant to the Stipulation.

17.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

18.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____, 202__ (a date ninety (90) calendar days from the Notice Date).  Any Class

Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator, or any Class Member by reason of the decision to exercise such discretion, whether to accept late-submitted Claims.

19. Any Member of the Class may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice. If any Member of the Class does not enter an appearance, they will be represented by Lead Counsel.

20. Any Member of the Class who wishes to exclude himself, herself, themselves, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than _____, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) proof of membership in the Class, including a list identifying the dates and number of Amgen common shares purchased or acquired during the Class Period; and (iii) a statement that the Person wishes to be excluded from the Class. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All Persons who submit valid and timely Requests for Exclusion

in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment. Unless otherwise ordered by the Court, any Person who purchased or acquired Amgen common stock during the Class Period who fails to timely and validly request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, their, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

21.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible, but in no event later than three (3) business days of receipt thereof, and not later than fourteen (14) calendar days before the Settlement Hearing.

22.     Any Member of the Class who or which does not request exclusion from the Class may appear at the Settlement Hearing and object if he, she, they, or it has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees, together with expenses and charges, should not be awarded to Lead Counsel, or why any award should not be granted to Lead Plaintiff; provided that any such Class Member files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101; Skadden, Arps, Slate, Meagher & Flom LLP, Peter B. Morrison, 2000 Avenue of the Stars, Suite 200N, Los Angeles, CA 90067, such that they are received no later than _____, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Member of the Class who does not

make his, her, their, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees, expenses, and charges to Lead Counsel, or to the award to Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges, and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

23.     Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Class, or to the entire Class; (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and/or sales of Amgen common stock during the Class Period, including the dates and the number of shares purchased, acquired, or sold, and the price paid or received for such purchase, acquisition, or sale; and (iv) identify all class action settlements to which the objector or his, her, their, or its counsel have objected in the past five (5) years.

24.    Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with expenses and charges.

25.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.    All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, expenses, and charges shall be filed and served no later than _____, 2026 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than _____, 2026 (a date that is seven (7) calendar days prior to the Settlement Hearing).

27.    The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, expenses, and charges submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating solely to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Action.

28.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, expenses, and charges, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses and charges.

29.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

30.    This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Class Members, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

31.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

32.     The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

33.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties.  In any such event, the Settling Parties shall be deemed to have reverted to their respective positions in the Action as of May 12, 2026.

IT IS SO ORDERED.

DATED:  _____       _____
                                                                                THE HONORABLE JOHN P. CRONAN
                                                                                UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE AMGEN INC. SECURITIES
LITIGATION

---

x

:   Civil Action No. 1:23-cv-02138 (JPC) (HJR)

:

x   <u>CLASS ACTION</u>

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

4910-4729-3874.v2

**TO:** **ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED AMGEN INC. ("AMGEN" OR THE "COMPANY") COMMON STOCK BETWEEN JULY 29, 2020 AND APRIL 27, 2022, INCLUSIVE ("CLASS" OR "CLASS MEMBER"), WHO WERE DAMAGED THEREBY**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  A UNITED STATES FEDERAL COURT AUTHORIZED THIS NOTICE.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2026**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Action") between Asbestos Workers Philadelphia Pension Fund ("AWPPF" or "Lead Plaintiff"), on behalf of itself and all others similarly situated, and Amgen, Robert A. Bradway, and Peter H. Griffith (collectively, "Defendants"); (ii) the proposed $74,000,000 settlement of the Action (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as well as counsel's application for attorneys' fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Action and of your rights in connection therewith.

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated July 20, 2026 (the "Stipulation"), which is available on the website www.AmgenSecuritiesSettlement.com.

- 1 -

4910-4729-3874.v2

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or submitted online on or before _____, 202_.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Requests for exclusion must be postmarked or received on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* by the Court and counsel on or before _____, 2026.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2026, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2026.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $74,000,000 settlement fund has been established. Based on Lead Plaintiff's estimate of the number of Amgen common shares eligible to recover under the Settlement, the average distribution under the Plan of Allocation is approximately $0.66 per common share, before deduction of any taxes on the income earned on

- 2 -

4910-4729-3874.v2

the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's Claims as compared to the total Claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages _____ below for more information on the calculation of your Claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they violated any laws, deny that they are liable to the Class, and deny that the Class has suffered any damages traceable to Defendants. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws or any other law; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Amgen common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Amgen common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Amgen common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Amgen common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of Amgen common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of Amgen common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees in the Action not to exceed one-third of the Settlement Amount, plus expenses not to exceed $500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average recovery will be approximately $0.44 per common share. In addition, Lead Plaintiff may request an award of its time and expenses in representing the Class in an amount not to exceed $25,000.

**Further Information**

For further information regarding the Action, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-808-7928, or visit the website www.AmgenSecuritiesSettlement.com.

- 3 -

4910-4729-3874.v2

You may also contact a representative of counsel for the Class:  Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, or www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation.  The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future.  For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the costs, burdens, and uncertainty inherent in any litigation, especially in complex cases such as the Action.  Defendants have concluded that further continuation of the Action could be protracted and unnecessarily costly.

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
|---|---|

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because records indicate that you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Amgen common stock during the period between July 29, 2020 and April 27, 2022, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action and the Settlement is the United States District Court for the Southern District of New York, and the case is known as *In re Amgen Inc. Securities Litigation*, Civil Action No. 1:23-cv-02138-JPC-HJR.  The case has been assigned to the Honorable John P. Cronan and Magistrate Judge Henry J. Ricardo.  The entity representing the Class is the Lead Plaintiff, and the company and individuals it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

This case is pending before Judge John P. Cronan and Magistrate Judge Henry J. Ricardo in the United States District Court for the Southern District of New York.  On March 13, 2023, Roofers Local No. 149 Pension Fund filed an initial complaint against Defendants.  ECF No. 1.

On May 12, 2023, AWPPF moved for appointment as Lead Plaintiff, which was granted on July 7, 2023.  ECF Nos. 20-22, 30.  On August 31, 2023, AWPPF filed its Amended Complaint, which alleges violations of the federal securities laws against Defendants.  ECF No. 34.

- 4 -

4910-4729-3874.v2

Specifically, the Amended Complaint alleges that Defendants improperly concealed the amounts of back taxes and penalties sought by the IRS as a result of Amgen's transfer pricing practices and made certain misleading statements related thereto. *Id.* at ¶114.

On November 6, 2023, Defendants moved to dismiss the Amended Complaint (ECF Nos. 40-42), arguing that Lead Plaintiff failed to plead an actionable omission because of Amgen's "[r]obust" disclosures about its potential tax liabilities. ECF No. 41 at 10-11. Defendants also argued that Amgen did not have any duty to disclose additional information about its tax liabilities and that the statements Lead Plaintiff challenged were not materially false or misleading. *Id*. at 11-18. Defendants further argued that Lead Plaintiff failed to adequately plead scienter on behalf of any of the Defendants. The parties appeared for a hearing on Defendants' motion to dismiss on July 18, 2024. On September 30, 2024, the Court granted in part and denied in part Defendants' motion to dismiss. *See* ECF No. 63.

Thereafter, the parties began discovery. On August 22, 2025, following negotiations over custodians, search terms, and the relevant time period for discovery, Lead Plaintiff produced 4,620 pages of documents in response to Defendants' document requests. Between August 15 and November 14, 2025, Defendants produced more than 126,400 pages of documents in response to Lead Plaintiff's document requests, and Lead Plaintiff has received nearly 109,000 pages of documents in response to third-party document subpoenas from seven (7) third parties, including Amgen's auditor, legal counsel, tax consultant, and analysts that covered the Company.

On December 29, 2025, Defendants filed a letter motion seeking leave to file a protective order defining the scope of privilege waiver arising from Defendants' anticipated reliance-on-counsel defense. ECF Nos. 99, 100. Thereafter, the Court ordered full briefing on this issue. ECF No. 105. On January 28, 2026, Defendants served their privilege logs, containing over 14,000 entries, and filed their motion for a protective order. ECF Nos. 112-114. On February 24, 2026, Lead Plaintiff filed its opposition to Defendants' motion (ECF Nos. 133-134), and on April 24, 2026, Defendants filed their reply. ECF Nos. 143-144.

Lead Plaintiff served a motion for class certification on December 9, 2025. During class certification discovery, Defendants deposed five witnesses, including Lead Plaintiff's expert, Bjorn I. Steinholt, CFA, Lead Plaintiff's fund administrator, and Lead Plaintiff's investment consultant and managers. Defendants served a notice of non-opposition to Lead Plaintiff's motion for class certification on April 23, 2026.

On March 11, 2026, the Court So-Ordered the parties' Stipulation and Order Extending Date for Upcoming Deadlines (ECF No. 139), as the parties agreed to conduct a mediation on April 19, 2026, before a mutually-agreed upon private mediator, David Murphy of Phillips ADR Enterprises. This stipulation extended all existing discovery deadlines by approximately 45 days.

On April 19, 2026, Lead Plaintiff and Defendants participated in an in-person full-day confidential mediation with David Murphy. The parties submitted and exchanged confidential mediation statements and exhibits before the mediation. The mediation attendees engaged in good-faith negotiations but were unable to reach an agreement at the mediation session. Thereafter, the parties resumed litigation, but at the same time continued to have discussions with the mediator. On May 12, 2026, following a mediator's proposal issued by Mr. Murphy, the Settling Parties

- 5 -

reached an agreement-in-principle that included full releases of liability in return for a cash payment of $74 million for the benefit of the Class (defined below), subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of the Lead Plaintiff or Defendants.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons that purchased or otherwise acquired Amgen common stock during the period between July 29, 2020 and April 27, 2022, inclusive, who were damaged thereby.

Excluded from the Class are: Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any judicial officer presiding over this Action or a member of his/her immediate family or judicial staff.  Also excluded from the Class are those Persons who validly and timely request exclusion therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit the Proof of Claim, which is available on the website, and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 202_.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-888-808-7928, or you can fill out and timely return the Proof of Claim, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Amgen has agreed to pay (or cause to be paid) $74,000,000 in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim

- 6 -

pursuant to the Court-approved Plan of Allocation and who would receive at least $10.00.  The Plan of Allocation is described in more detail at the end of this Notice.

| **7.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Amgen common stock represented by the valid Proofs of Claim Class Members send in, compared to the value of your Claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| **8.** | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.AmgenSecuritiesSettlement.com.  Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail (to *Amgen Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box 301133, Los Angeles, CA 90030-1133) or submit it online at www.AmgenSecuritiesSettlement.com so that it is postmarked or received no later than _____, 202_.**

| **9.** | **When would I get my payment?** |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2026, at ___:___ _.m.,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| **10.** | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in

4910-4729-3874.v2

nature, concerning, based on, arising out of, or in connection with both (i) the purchase or acquisition of Amgen common stock, and (ii) the acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged or asserted by Lead Plaintiff in the Action. "Released Claims" does not include: (i) any derivative claims asserted by or on behalf of Amgen's shareholders, including, without limitation, the following actions: *In re Amgen Inc. Derivative Litigation*, Case No. 1:23-cv-06754-JPC (S.D.N.Y.); *In re Amgen Inc. Stockholder Derivative Litigation*, Case No. 2024-1263-JTL (Del. Ch.); *Sieveking, et al. v. Bradway, et al.*, Case No. 1:25-cv-00414-GBW (D. Del.); (ii) claims brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA); and (iii) any claims to enforce the Settlement.  For the avoidance of doubt, this Settlement is not conditioned upon the obtaining of, or any judicial approval of, any releases between or among the Defendants and/or any third parties.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Plaintiff's Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

- "Related Parties" means former, present or future parent entities, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

- "Unknown Claims" means (a) any and all Released Claims that any of the Releasing Lead Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or

suspect to exist in his, her, their, or its favor at the time of the release of Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiff, the Class, and Lead Plaintiff's Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Lead Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Lead Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Lead Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Lead Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Lead Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel,

- 9 -

known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Lead Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself or "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.  If timely and valid requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Amgen shall have, in its discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Amgen Securities Settlement*." Your letter must include proof of membership in the Class, including the number of Amgen common shares you purchased or acquired during the Class Period, including the dates.  In addition, you must include your name, address, email address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked or received no later than _____, 2026** to:

*Amgen Securities Settlement*
Claims Administrator
c/o Verita Global
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

A request for exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid and the Person(s) filing such an invalid request shall be a Class Member and shall be bound by the Settlement, if approved.

- 10 -

4910-4729-3874.v2

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
| --- | --- |

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
| --- | --- |

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
| --- | --- |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
| --- | --- |

Lead Counsel will apply to the Court for an award of attorneys' fees in the Action in an amount not to exceed one-third of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $500,000 in connection with prosecuting the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may seek up to $25,000 in connection with its representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
| --- | --- |

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to

- 11 -

4910-4729-3874.v2

the proposed Settlement in the *Amgen Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of Amgen common shares you purchased or acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. You must sign the objection even if your lawyer files the objection on your behalf. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating your purchase(s), acquisitions, and/or sale(s) of Amgen common shares during the Class Period. You must also identify all class action settlements to which you or your counsel has objected in the past five years. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____, 2026:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007 | ROBBINS GELLER RUDMAN & DOWD LLP THEODORE J. PINTAR 655 West Broadway Suite 1900 San Diego, CA 92101 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP Peter B. Morrison 2000 Avenue of the Stars Suite 200N Los Angeles, CA 90067 |

---

**17.    What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

---

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Settlement Hearing at **___:___ _.m., on _____, 2026**, before Judge John P. Cronan in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At the hearing, the Court will consider

4910-4729-3874.v2

whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.AmgenSecuritiesSettlement.com, beforehand to be sure that the date and/or time have not changed.

In addition, the possibility exists that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing has changed, or whether Class Members must attend or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.AmgenSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.AmgenSecuritiesSettlement.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.AmgenSecuritiesSettlement.com.**

| 19. | Do I have to come to the Settlement Hearing? |
|-----|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the Settlement Hearing? |
|-----|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Amgen Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than _____, 2026**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

- 13 -

4910-4729-3874.v2

**IF YOU DO NOTHING**

| **21.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

**GETTING MORE INFORMATION**

| **22.** | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in the Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-808-7928 or by email at info@AmgenSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement related papers filed in the Action, which are posted on the Settlement website at www.AmgenSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours.  For a fee, all papers filed in the Action are available at www.pacer.gov.

**PLAN OF ALLOCATION OF NET SETTLEMENT
FUND AMONG CLASS MEMBERS**

The Settlement Amount of $74,000,000 and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you purchased or otherwise acquired Amgen common stock during the Class Period, and if you have an overall net loss on all of your transactions in Amgen common stock during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the violations alleged in the Action.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based on the recognized loss formula (the "Recognized Loss") described below. The calculation of Recognized Loss will depend upon several factors, including when the Amgen common shares were purchased or acquired and in what amounts, whether the shares were sold, and, if so, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive.  It is a formula for

- 14 -

allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per security amounts for Class Period purchases, acquisitions, and sales, as well as the statutory PSLRA 90-day look-back amount set forth in Table B.[2]  Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per security shall be $0.00.

The Plan of Allocation was developed in consultation with Lead Plaintiff's damages consultant. In developing the Plan of Allocation, the consultant calculated the estimated amount of alleged artificial inflation in the prices of Amgen common shares that were allegedly caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those alleged misrepresentations and omissions, the consultant considered the price change in Amgen common shares in reaction to the public disclosure that allegedly corrected the alleged misrepresentation of omissions, adjusting the price change for factors that were attributable to market forces, and for non-fraud relating Company-specific information.

In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the alleged misrepresentations must be the cause of the decline in the price of Amgen common stock and Class Members' Recognized Loss. In this case, Lead Plaintiff alleges that the truth relating to the Company's transfer pricing issue and resulting tax liabilities and penalties were concealed from July 29, 2020 through April 27, 2022. The alleged truth was then disclosed: (a) on August 3, 2021, after the market closed, when Amgen announced its 2Q2021 financial results and also disclosed that the IRS was seeking $3.6 billion in back taxes relating to the Company's 2010, 2011, and 2012 tax years, and (b) on April 27, 2022, after the market closed, when Amgen announced its 1Q2022 financial results and also disclosed that the IRS was seeking $5.1 billion in back taxes relating to the Company's 2013, 2014, and 2015 tax years, plus an additional $2 billion in penalties.

## PROPOSED PLAN OF ALLOCATION

For shares of Amgen common stock purchased or otherwise acquired from July 29, 2020, through April 27, 2022, inclusive, and:

---

[2]  Under 15 U.S.C. §78u-4(e)(1), "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss for Amgen common shares are reduced to an appropriate extent by taking into account the closing prices of Amgen common shares during the 90-day look-back period. The mean (average) closing price for Amgen common stock following this 90-day look-back period was $243.94 per share as shown in Table B.

4910-4729-3874.v2

I.    Sold from July 29, 2020, through April 27, 2022, inclusive, the Recognized Loss per share shall be the lesser of:

    a.  the inflation per share in Table A at the time of purchase less the inflation per share in Table A at the time of sale; or

    b.  the difference between the purchase price per share and the sales price per share.

II.   Sold on April 28, 2022, through July 26, 2022, the Recognized Loss per share shall be the least of:

    a.  the inflation per share in Table A at the time of purchase;

    b.  the difference between the purchase price per share and the sales price per share; or

    c.  the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

III.  Retained at the close of trading on July 26, 2022, the Recognized Loss per share shall be the lesser of:

    a.  the inflation per share in Table A at the time of purchase; or

    b.  the difference between the purchase price per share and $243.94 per share (the 90-day average Amgen closing price following the final corrective disclosure).

For Class Members who made multiple purchases, acquisitions, or sales of Amgen common stock during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Amgen common stock during the Class Period will be matched, in chronological order, first against Amgen common stock held at the beginning of the Class Period. The remaining sales of Amgen common shares during the Class Period will then be matched, in chronological order, against Amgen common shares purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Amgen common shares described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Amgen common shares that have been matched against Amgen common shares held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

If a Claimant suffered an overall market loss with respect to their overall transactions in Amgen common stock during the Class Period, but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a Claimant had a

- 16 -

market gain, or suffered a market loss, with respect to a Claimant's overall transactions of Amgen common stock during the Class Period, the Claims Administrator will determine the difference between the Claimant's (i) Total Purchase Amount[3] and (ii) the sum of the Total Sales Proceeds[4] and Holding Value.[5]

A purchase, acquisition, or sale of Amgen common shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Amgen common shares during the Class Period shall not be deemed a purchase, acquisition, or sale of Amgen common shares for the calculation of a Claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such security unless specifically provided in the instrument of gift or assignment. The receipt of Amgen common shares during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Amgen common stock.

With respect to Amgen common shares purchased or sold through the exercise of an option, the purchase/sale of the Amgen common shares is the exercise date of the option, and the purchase/sale price of the Amgen common shares is the exercise price of the option. Any recognized claim arising from the purchase of Amgen common shares acquired during the Class Period through the exercise of an option on Amgen common shares shall be computed as provided for other purchases of Amgen common shares in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement

---

[3]    The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Amgen stock purchased during the Class Period.

[4]    The Claim Administrator will match any sales of Amgen common stock from the start of the Class Period through, and including, the close of trading on April 27, 2022, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Amgen common stock sold from the start of the Class Period through, and including, the close of trading on April 27, 2022 will be the "Total Sales Proceeds."

[5]    The Claims Administrator will ascribe a "Holding Value" equal to $238.13 for each share of Amgen stock purchased during the Class Period and still held as of the close of trading on April 28, 2022.

- 17 -

Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### TABLE A:

| Purchase Period | Inflation |
|---|---|
| July 29, 2020, through August 3, 2021 | $20.00 per share |
| August 4, 2021, through April 27, 2022 | $13.27 per share |

- 18 -

**TABLE B:**

| Date | Closing Price | Average Closing Price from April 28, 2022 through Sale Date | Date | Closing Price | Average Closing Price from April 28, 2022 through Sale Date |
|---|---|---|---|---|---|
| 4/28/2022 | $238.13 | $238.13 | 6/13/2022 | $236.77 | $243.77 |
| 4/29/2022 | $233.19 | $235.66 | 6/14/2022 | $235.70 | $243.52 |
| 5/2/2022 | $230.92 | $234.08 | 6/15/2022 | $235.58 | $243.29 |
| 5/3/2022 | $232.19 | $233.61 | 6/16/2022 | $230.71 | $242.93 |
| 5/4/2022 | $236.10 | $234.11 | 6/17/2022 | $234.72 | $242.70 |
| 5/5/2022 | $234.35 | $234.15 | 6/21/2022 | $238.41 | $242.59 |
| 5/6/2022 | $236.50 | $234.48 | 6/22/2022 | $240.14 | $242.52 |
| 5/9/2022 | $239.24 | $235.08 | 6/23/2022 | $243.09 | $242.54 |
| 5/10/2022 | $240.71 | $235.70 | 6/24/2022 | $245.37 | $242.61 |
| 5/11/2022 | $240.64 | $236.20 | 6/27/2022 | $244.85 | $242.66 |
| 5/12/2022 | $244.72 | $236.97 | 6/28/2022 | $243.51 | $242.68 |
| 5/13/2022 | $243.40 | $237.51 | 6/29/2022 | $245.43 | $242.75 |
| 5/16/2022 | $243.87 | $238.00 | 6/30/2022 | $243.30 | $242.76 |
| 5/17/2022 | $245.35 | $238.52 | 7/1/2022 | $245.55 | $242.82 |
| 5/18/2022 | $243.96 | $238.88 | 7/5/2022 | $246.73 | $242.91 |
| 5/19/2022 | $244.77 | $239.25 | 7/6/2022 | $245.25 | $242.95 |
| 5/20/2022 | $247.50 | $239.74 | 7/7/2022 | $247.42 | $243.05 |
| 5/23/2022 | $249.04 | $240.25 | 7/8/2022 | $248.48 | $243.16 |
| 5/24/2022 | $251.89 | $240.87 | 7/11/2022 | $247.78 | $243.25 |
| 5/25/2022 | $253.01 | $241.47 | 7/12/2022 | $246.97 | $243.32 |
| 5/26/2022 | $253.05 | $242.03 | 7/13/2022 | $247.09 | $243.40 |
| 5/27/2022 | $255.26 | $242.63 | 7/14/2022 | $245.59 | $243.44 |
| 5/31/2022 | $256.74 | $243.24 | 7/15/2022 | $248.69 | $243.54 |
| 6/1/2022 | $253.42 | $243.66 | 7/18/2022 | $243.84 | $243.54 |
| 6/2/2022 | $248.28 | $243.85 | 7/19/2022 | $247.32 | $243.61 |
| 6/3/2022 | $248.45 | $244.03 | 7/20/2022 | $246.63 | $243.66 |
| 6/6/2022 | $245.44 | $244.08 | 7/21/2022 | $245.78 | $243.70 |
| 6/7/2022 | $246.41 | $244.16 | 7/22/2022 | $245.95 | $243.74 |
| 6/8/2022 | $245.48 | $244.21 | 7/25/2022 | $248.72 | $243.82 |
| 6/9/2022 | $241.75 | $244.13 | 7/26/2022 | $251.14 | $243.94 |
| 6/10/2022 | $240.01 | $243.99 | | | |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased or acquired Amgen common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Amgen common stock during

- 19 -

4910-4729-3874.v2

such time period, or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within seven (7) days mail the Postcard Notice directly to the beneficial owners of the Amgen common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Reasonable expenses in connection with the foregoing include up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Your reasonable expenses will be paid from the Settlement Fund upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Amgen Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133

DATED:  _____                 _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- 20 -

4910-4729-3874.v2

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

 

|  | x |  |
| --- | --- | --- |
| IN RE AMGEN INC. SECURITIES LITIGATION | : | Civil Action No. 1:23-cv-02138 (JPC) (HJR) |
|  | : |  |
|  | x | <u>CLASS ACTION</u> |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

4925-5816-1330.v2

## I.  GENERAL INSTRUCTIONS

1.  To recover as a Member of the Class based on your claims in the action *In re Amgen Inc. Securities Litigation*, Civil Action No. 1:23-cv-02138-JPC-HJR (S.D.N.Y.) (the "Action"), you must complete and, on page ____ hereof, sign this Proof of Claim and Release ("Claim Form" or "Proof of Claim").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your Claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

**3.  YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 202_, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:**

*Amgen Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133
Online Submissions: www.AmgenSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.

Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are

---

[1]  This Proof of Claim incorporates by reference the definitions in the Stipulation of Settlement dated July 20, 2026 ("Stipulation"), which can be obtained at www.AmgenSecuritiesSettlement.com.

NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

4.     If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.     It is important that you completely read and understand the Notice, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Amgen Inc. ("Amgen" or the "Company") common stock during the period between July 29, 2020 and April 27, 2022, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class are: Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and any judicial officer presiding over this Action or a member of his/her immediate family or judicial staff.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

4925-5816-1330.v2

Use Part I of this form, entitled "Claimant Identification," to identify each purchaser or acquirer ("nominee"), if different from the beneficial purchaser or acquirer of the Amgen common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE AMGEN COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers, acquirers, or holders must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and the telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a

- 3 -

4925-5816-1330.v2

corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim listing all their transactions, whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## III.   CLAIM FORM

Use Part II of this form, entitled "Schedule of Transactions in Amgen Common Stock," to supply all required details of your transaction(s) and holdings in Amgen common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions and all of your sales of Amgen common stock between July 29, 2020 and July 26, 2022, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to all of the Amgen common shares you held at the end of the day on July 28, 2020, April 27, 2022, and July 26, 2022.  Failure to report all such transactions and holdings may result in the rejection of your claim.

- 4 -

4925-5816-1330.v2

List these transactions and holdings separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Amgen common stock, and the date of a "short sale" is deemed to be the date of sale of Amgen common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions and holdings in Amgen common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, their, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Amgen Inc. Securities Litigation*

Civil Action No. 1:23-cv-02138-JPC-HJR

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 202_

Please Type or Print

4925-5816-1330.v2

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS AND HOLDINGS IN AMGEN COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name                     M.I.    First Name

Last Name (Co-Beneficial Owner)    M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER    or    Taxpayer Identification Number

Telephone Number (Primary Daytime)    Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City    State    Zip Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

PART II:    SCHEDULE OF TRANSACTIONS IN AMGEN COMMON STOCK

A.    Number of shares of Amgen common stock held at the close of trading on July 28, 2020: _____

Proof Enclosed?
○ Y
○ N

B.    Purchases or acquisitions of Amgen common stock between July 29, 2020 and July 26, 2022, inclusive:

| Trade Date(s) Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |

- 6 -

4925-5816-1330.v2

2._____          2._____          2._____

3._____          3._____          3._____

C.    Sales of Amgen common stock between July 29, 2020 and July 26, 2022, inclusive:

| Trade Date(s) Month Day Year | Number of Shares Sold | Total Sales (Excluding Commissions, Taxes and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of Amgen common stock held at the close of trading on April 27, 2022:

Proof Enclosed?
◯ Y
◯ N

E.    Number of shares of Amgen common stock held at the close of trading on July 26, 2022:

Proof Enclosed?
◯ Y
◯ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

- 7 -

4925-5816-1330.v2

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Action, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase, acquisition, or holding of Amgen common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.  RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release from the Released Claims each and all of the Released Defendant Parties.

2.    "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

3.    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, concerning, based on, arising out of, or in connection with both (i) the purchase or acquisition of

- 8 -

4925-5816-1330.v2

Amgen common stock, and (ii) the acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged or asserted by Lead Plaintiff in the Action. "Released Claims" does not include: (i) any derivative claims asserted by or on behalf of Amgen's shareholders, including, without limitation, the following actions: *In re Amgen Inc. Derivative Litigation*, Case No. 1:23-cv-06754-JPC (S.D.N.Y.); *In re Amgen Inc. Stockholder Derivative Litigation*, Case No. 2024-1263-JTL (Del. Ch.); *Sieveking, et al. v. Bradway, et al.*, Case No. 1:25-cv-00414-GBW (D. Del.); (ii) claims brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA); and (iii) any claims to enforce the Settlement. For the avoidance of doubt, this Settlement is not conditioned upon the obtaining of, or any judicial approval of, any releases between or among the Defendants and/or any third parties.

4.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Plaintiff's Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action, except for claims relating to the enforcement of the Settlement.

5.    "Unknown Claims" means (a) any and all Released Claims that any of the Releasing Lead Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Lead Plaintiff, the Class, and Lead Plaintiff's Counsel,

- 9 -

4925-5816-1330.v2

which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiff, the Class, and Lead Plaintiff's Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Lead Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Lead Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Lead Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Lead Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Lead Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant

- 10 -

4925-5816-1330.v2

Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Lead Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.     These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

- 11 -

4925-5816-1330.v2

7.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Amgen common stock during the Class Period and the number of shares of Amgen common stock held by me (us) at the end of the day on July 28, 2020, April 27, 2022, and July 26, 2022.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                        (Month/Year)                         (City/State/Country)

_____          _____
(Sign your name here)                        (Sign your name here)

_____          _____
(Type or print your name here)               (Type or print your name here)

_____          _____
(Capacity of person(s) signing, e.g.,        (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)   Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:
1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. Do not send originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

- 12 -

4925-5816-1330.v2

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 202_,**

**ADDRESSED AS FOLLOWS:**

*Amgen Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133
www.AmgenSecuritiesSettlement.com

- 13 -

4925-5816-1330.v2

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| IN RE AMGEN INC. SECURITIES LITIGATION | : | Civil Action No. 1:23-cv-02138 (JPC) (HJR) |
|  | : |  |
|  | x | <u>CLASS ACTION</u> |

SUMMARY NOTICE OF PROPOSED
SETTLEMENT OF CLASS ACTION

EXHIBIT A-3

4901-9965-2786.v2

**TO:    ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED AMGEN INC. ("AMGEN" OR THE "COMPANY") COMMON STOCK BETWEEN JULY 29, 2020 AND APRIL 27, 2022, INCLUSIVE ("CLASS" OR "CLASS MEMBER"), WHO WERE DAMAGED THEREBY**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2026, at __:__ __.m., before Judge John P. Cronan at the United States District Court, Southern District of New York, in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as set forth in the Stipulation of Settlement ("Stipulation")[1] for $74,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Action with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to grant Lead Plaintiff an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class, and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear remotely at the hearing, without further written notice to the Class.  In order to determine whether the date and time of the Settlement Hearing has changed, or whether it will be conducted by telephone or video, it is important that you monitor the Court's docket and the Settlement website, www.AmgenSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Updates regarding the Settlement Hearing, including any changes

---

[1]    The Stipulation can be viewed and/or obtained at www.AmgenSecuritiesSettlement.com.

- 1 -

4901-9965-2786.v2

to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.AmgenSecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by remote means, the information for accessing the hearing will be posted to the Settlement website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED AMGEN COMMON STOCK BETWEEN JULY 29, 2020 AND APRIL 27, 2022, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 202_)** or electronically via the website **(no later than _____, 202_)**.  Failure to submit your Proof of Claim by _____, 202_, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of the Action.  If you are a Member of the Class and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.AmgenSecuritiesSettlement.com, or by writing to or calling:

*Amgen Securities Settlement*
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133
info@AmgenSecuritiesSettlement.com
1-888-808-7928

- 2 -

4901-9965-2786.v2

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Theodore J. Pintar
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED OR RECEIVED BY _____, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED ONE-THIRD OF THE $74,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $500,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO LEAD PLAINTIFF NOT TO EXCEED $25,000 IN CONNECTION WITH ITS REPRESENTATION OF THE CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED:  _____          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF NEW YORK

4901-9965-2786.v2

# EXHIBIT A-4

**LEGAL NOTICE**

*In re Amgen Inc. Securities Litigation*, Civil Action No. 1:23-cv-02138-JPC-HJR (S.D.N.Y.)
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133

www.AmgenSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

4913-0682-0274.v2

*In re Amgen Inc. Securities Litigation*,
No. 1:23-cv-02138-JPC-HJR (S.D.N.Y.)
THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE CLASS ACTION AND SETTLEMENT.
VISIT WWW.AMGENSECURITIESSETTLEMENT.COM OR CALL 1-888-808-7928 FOR MORE INFORMATION.

If you purchased or otherwise acquired Amgen Inc. ("Amgen" or the "Company") common stock between July 29, 2020 and April 27, 2022, inclusive (the "Class Period"), and were damaged thereby, this notice is to inform you that a Class was certified, as just described, for purposes of the proposed settlement ("Settlement") only, and that you could be entitled to a payment from the Settlement reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2026, at _____.m., before the Honorable John P. Cronan at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 12D, 500 Pearl Street, New York, NY 10007 ("Settlement Hearing"), to determine whether the proposed settlement of the Action against Defendants Amgen and others for $74 million and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Action should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to one-third of the Settlement Amount, plus interest, and expenses in an amount not to exceed $500,000, plus interest, should be granted. In addition, Lead Plaintiff may seek an award of $25,000 in connection with its representation of the Class.

The proposed Settlement would resolve class action litigation alleging that, in violation of the U.S. federal securities laws, Defendants made material misrepresentations and omissions, with scienter, regarding amounts of back taxes and penalties sought by the IRS as a result of Amgen's transfer pricing practices. Defendants deny the allegations. For a full description of the Settlement and your rights, and instructions on how to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release ("Claim Form") by visiting the website: www.AmgenSecuritiesSettlement.com (the "Website"), or you may request copies from the Claims Administrator by: (i) mail: *Amgen Securities Settlement*, c/o Verita Global, P.O. Box 301133, Los Angeles, CA 90030-1133; or (ii) call toll-free: 1-888-808-7928.

To qualify for a payment, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2026. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you submit a request to exclude yourself from the Class. If you exclude yourself, you cannot get money from this Settlement. If you wish to exclude yourself from the Class, you must submit a request for exclusion so that it is *postmarked or received* no later than _____, 2026, to: *Amgen Securities Settlement*, c/o Verita Global, Exclusions, P.O. Box 5100, Larkspur, CA 94977-5100. If you do not exclude yourself and you stay in the Class, you may object to the Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses such that the objection is *received* no later than _____, 2026. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

4913-0682-0274.v2

Lead Plaintiff and the Class are represented by Lead Counsel: Theodore J. Pintar, Esq., Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Court hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

4913-0682-0274.v2